KLEIN ET AL., APPELLEES, v. LEIS, SHERIFF, ET AL., APPELLANTS.

[Cite as Klein v. Leis, 99 Ohio St.3d 537, 2003-Ohio-4779.]

(No. 2002–0585—Submitted April 15, 2003—Decided September 24, 2003.)

PFEIFER, J.

{¶ 1} Appellees challenged the constitutionality of R.C. 2923.12, 2923.16, 4749.06, and 4749.10, facially and as applied. The Hamilton County Court of Common Pleas issued extensive findings of fact and conclusions of law and entered judgment that R.C. 2923.12, 2923.16, 4749.06, and 4749.10 are unconstitutional. The court ordered a permanent injunction against arrest and prosecution of the plaintiffs (now appellees) as well as a permanent injunction against the arrest and prosecution of "law-abiding citizens within Hamilton County, Ohio," for violating R.C. 2923.12, 2923.16, 4749.06, or 4749.10.

{¶ 2} The court of appeals determined that R.C. 2923.12 and 2923.16(B) and (C) are unconstitutional and affirmed the trial court's grant of a declaratory judgment and injunctive relief as to those sections of the Revised Code. The court of appeals also determined, given the unconstitutionality of R.C. 2923.12, that R.C. 4749.06 and 4749.10 are "innocuous." 146 Ohio App.3d 526, 2002-Ohio-1634, 767 N.E.2d 286, ¶ 51. The cause is now before this court pursuant to the allowance of a discretionary appeal.

{¶ 3} Section 4, Article I of the Ohio Constitution states: "The people have the right to bear arms for their defense and security * * *." Today we are asked to determine whether R.C. 2923.12, 2923.16(B) and (C), 4749.06, and 4749.10 infringe that right by prohibiting the carrying of concealed weapons. For the reasons that follow, we conclude that R.C. 2923.12 and 2923.16(B) and (C) do not unconstitutionally infringe the right to bear arms. We also remand to the court of appeals the issue whether R.C. 4749.06 and 4749.10 are constitutional.

{¶ 4} It is fundamental that a court must "presume the constitutionality of lawfully enacted legislation." Arnold v. Cleveland (1993), 67 Ohio St.3d 35, 38, 616 N.E.2d 163, citing Univ. Hts. v. O'Leary (1981), 68 Ohio St.2d 130, 135, 22 O.O.3d 372, 429 N.E.2d 148, and Hilton v. Toledo (1980), 62 Ohio St.2d 394, 396, 16 O.O.3d 430, 405 N.E.2d 1047. Therefore, we begin by presuming that R.C. 2923.12, 2923.16, 4749.06, and 4749.10 are constitutional. Accordingly, the legislation in question "will not be invalidated unless the challenger establishes that it is unconstitutional beyond a reasonable doubt." Id. at 39, 616 N.E.2d 163. See, also, State ex rel. Dickman v. Defenbacher (1955), 164 Ohio St. 142, 57 O.O. 134, 128 N.E.2d 59, paragraph one of the syllabus.

I

{¶ 5} The right to bear arms is part of Ohio's heritage. A right-to-bear-arms clause was in the Bill of Rights of our first Constitution. Section 20, Article VIII, Constitution of Ohio of 1802 ("the people have a right to bear arms for the defence of themselves and the state"). Our current right-to-bear-arms clause

was ratified as part of the Ohio Constitution of 1851. Section 4, Article I, Constitution of Ohio.

{¶ 6} While discussing a resolution to retain without change the Bill of Rights of the 1802 Constitution, Article VIII, Delegate William Cutler of Washington County stated that his constituents believed that "the less we do with the leading articles of the Constitution the better. Those which have subserved our purposes of government so long and so well, they think we had better pass over for the benefit of generations to come." I Report of the Debates and Proceedings of the Convention for the Revision of the Constitution, 1850–51 (1851) 70. Given the lack of discussion on the current Section 4, Article I in the debates, it is possible that this statement reflected the beliefs of the entire convention with respect to Section 4. See II Report 326. Delegate M. Mitchell of Knox County referred generally to the Bill of Rights, which includes the right-to-bear-arms clause, as "the very place where the great fundamental rights of the people are enunciated and declared." Id. at 476. "We can only surmise that no debate ensued over [the right-to-bear-arms clause] because the right to possess and use certain arms under certain circumstances was widely recognized and uncontroversial." *Arnold*, 67 Ohio St.3d at 43, 616 N.E.2d 163.

{¶ 7} Today, we reiterate that the right to bear arms is fundamental. Id. at paragraph two of the syllabus. Yet, however fundamental and entrenched in the constitutional heritage of our state, the right to bear arms is not absolute. Id. Most, perhaps all, of the rights we hold fundamental have limitations. See id. at 44–45, 616 N.E.2d 163 (discussing limits on rights of assembly, free speech, free press, right to counsel, and right to trial by jury).

{¶ 8} In Ohio, the right to bear arms is fundamental and is also subject to limitations. In *State v. Hogan* (1900), 63 Ohio St. 202, 58 N.E. 572, this court approved in dicta the constitutionality of a prohibition in a statute against the carrying of dangerous weapons by tramps. Revised Statutes of 1880, Section 6995, 76 Ohio Laws 191. The court stated that the right to bear arms is a right of which citizens "cannot be deprived." *Hogan*, 63 Ohio St. at 218, 58 N.E. 572. The court explained that the right "enjoins a duty in execution of which that right is to be exercised. If [a person] employs those arms which he ought to wield for the safety and protection of his country, his person and his property, to the annoyance and terror and danger of its citizens, his acts find no vindication in the bill of rights. That guarantee was never intended as a warrant for vicious persons to carry weapons with which to terrorize others. Going armed with unusual and dangerous weapons to the terror of the people is an offense at common law. A man may carry a gun for any lawful purpose, for business or amusement, but he cannot go about with that or any other dangerous weapon to terrify and alarm a peaceful people." Id. at 218–219, 58 N.E. 572. Although we

can glean little about the meaning of the right-to-bear-arms clause from the debates of the Constitutional Convention, this opinion suggests how limited Ohioans of the late nineteenth century considered the right to bear arms to be.

{¶ 9} The original statute prohibiting the carrying of concealed weapons was enacted within eight years after the Constitution of 1851 was ratified. R.S. 6892, 56 Ohio Laws 56 (1859). It has remained part of Ohio law, verbatim or in a modified form, ever since. E.g., G.C. 12819, 107 Ohio Laws 28; R.C. 2923.12. As far as we can tell, its constitutionality was not challenged until 1920, even though the concealed-weapons statute had been before this court at least once previously. See *Ballard v. State* (1885), 43 Ohio St. 340, 1 N.E. 76.

{¶ 10} In *State v. Nieto* (1920), 101 Ohio St. 409, 413, 130 N.E. 663, this court upheld the constitutionality of G.C. 12819, the successor of the original statute prohibiting the carrying of concealed weapons. The court stated, "The statute does not operate as a prohibition against carrying weapons, but as a regulation of the manner of carrying them" and found the concealed-weapons statute to be a "proper exercise of the police power of the state." Id. at 413, 415, 130 N.E. 663. To explain this finding, the court quoted with favor from *Dunston v. State* (1900), 124 Ala. 89, 27 So. 333, where the Supreme Court of Alabama stated: "One of the objects of the law is the avoidance of bad influences which the wearing of a concealed deadly weapon may exert upon the wearer himself, and which in that way, as well as by the weapon's obscured convenience for use, may tend to the insecurity of other persons." *Nieto* at 415–416, 130 N.E. 663.

{¶ 11} Between the time the original concealed-weapons statute was enacted and the time this court ruled in *Nieto,* the state held two constitutional conventions. At the Third Constitutional Convention of Ohio in 1873–1874, the delegates did not offer any amendments or debate concerning Section 4, Article I, the right-to-bear-arms clause. II Proceeding and Debates of the Third Constitutional Convention, Part 2 (1874) 1759. The Committee on the Preamble and Bill of Rights stated that it had "not deemed it advisable to make any change in the Preamble and Bill of Rights in the present Constitution." Id. at 1736. At the Fourth Constitutional Convention of 1912, two proposals, Nos. 3 and 165, concerning the right-to-bear-arms clause were presented. I Proceedings and Debates of the Constitutional Convention (1912) 85 and 123. Neither proposal, nor any other at that convention, generated any discussion concerning the concealed-weapons statute. Both proposals were indefinitely postponed. Id. at 1404.

{¶ 12} Appellees ask us to declare unconstitutional a statute that has been part of our legal heritage since 1859, that has been amended by our General Assembly time and again without fundamental modification, that did not arouse the concern of two different constitutional conventions, and that has been held by this court to

be constitutional. The trial court and court of appeals overcame these burdens; we cannot.

{¶ 13} The statutory scheme in question prohibits the carrying of concealed weapons. We consider this to be regulation of the manner in which weapons can be carried. See *Nieto,* 101 Ohio St. at 413, 130 N.E. 663. As such, it involves the police power of the state. See *Arnold,* 67 Ohio St.3d at 47, 616 N.E.2d 163 ("This court has established that firearm controls are within the ambit of the police power").

{¶ 14} As in *Arnold,* we look next to determine whether R.C. 2923.12 is reasonable. See id. at 47–48, 616 N.E.2d 163 ("the question is whether the legislation is a reasonable regulation"). "In reviewing the reasonableness of [legislation], we are guided by certain principles. It is not a court's function to pass judgment on the wisdom of the legislation, for that is the task of the legislative body which enacted the legislation. Further, ' "[u]nless there is a clear and palpable abuse of power, a court will not substitute its judgment for legislative discretion." ' " (Citation omitted.) Id. at 48, 616 N.E.2d 163, quoting *Allion v. Toledo* (1919), 99 Ohio St. 416, 124 N.E. 237, syllabus.

{¶ 15} The General Assembly has determined that prohibiting the carrying of concealed weapons helps maintain an orderly and safe society. We conclude that that goal and the means used to attain it are reasonable. We hold that R.C. 2923.12 does not unconstitutionally infringe the right to bear arms; there is no constitutional right to bear concealed weapons.

## II

{¶ 16} Appellees also argue that R.C. 2923.12 and 2923.16 are void for vagueness. "[A] law will survive a void-for-vagueness challenge if it is written so that a person of common intelligence is able to ascertain what conduct is prohibited, and if the law provides sufficient standards to prevent arbitrary and discriminatory enforcement." *State v. Williams* (2000), 88 Ohio St.3d 513, 533, 728 N.E.2d 342, citing *Chicago v. Morales* (1999), 527 U.S. 41, 56–57, 119 S.Ct. 1849, 144 L.Ed.2d 67. Upon reading the challenged statutes, we conclude that they are capable of being understood by a person of common intelligence and provide sufficient standards to prevent arbitrary and discriminatory enforcement.

{¶ 17} Appellees argue that the affirmative defenses of R.C. 2923.12(C) are vague because arresting officers have difficulty determining whether they apply, which leads to arbitrary or discriminatory enforcement. We disagree; each affirmative defense is written in plain language capable of being understood by a person of common intelligence. Further, affirmative defenses are proven at trial, and the burden of proof, a preponderance of the evidence, is upon the accused.

R.C. 2901.05. Placing this burden of proof on the defendant is constitutional. *Martin v. Ohio* (1987), 480 U.S. 228, 107 S.Ct. 1098, 94 L.Ed.2d 267. Officers can readily ascertain whether a person is violating R.C. 2923.12(A) and need not concern themselves with whether an affirmative defense is available; that is an issue left to judges and juries to determine.

{¶ 18} We conclude that the affirmative defenses of R.C. 2923.12(C), which apply to R.C. 2923.12 and 2923.16(B) and (C), are not vague.

## III

{¶ 19} R.C. 4749.06 and 4749.10 require private investigators and people engaged in the business of providing security services to satisfy certain requirements in order to be able to carry firearms on the job. The court of appeals did not reach the issue of the constitutionality of R.C. 4749.06 and 4749.10 because it determined that R.C. 2923.12 and 2923.16 were unconstitutional. Accordingly, we remand the issue of the constitutionality of R.C. 4749.06 and 4749.10 to the court of appeals with instructions to determine, consistent with our opinion, whether R.C. 4749.06 and 4749.10 are constitutional.

*Judgment accordingly.*

MOYER, C.J., RESNICK, F.E. SWEENEY and KNEPPER, JJ., concur.

LUNDBERG STRATTON and O'CONNOR, JJ., dissent.

RICHARD W. KNEPPER, J., of the Sixth Appellate District, sitting for COOK, J.

---

**O'CONNOR, J., dissenting.**

{¶ 20} The majority incorrectly invokes a reasonableness test to assess whether R.C. 2923.12 infringes upon the fundamental constitutional right to bear arms. For reasons that follow, I believe that this statute should be subjected to intermediate scrutiny. After applying intermediate scrutiny, I conclude that while the overall objective of R.C. 2923.12 is constitutional, the framework of R.C. 2923.12(C) is not. Therefore, I must respectfully dissent.

## I

### Standing

{¶ 21} A preliminary issue raised by the appellants, but left unaddressed by the majority, is whether the plaintiffs have standing to prosecute this suit. They do. Criminal statutes are proper subjects of declaratory judgment actions where

the statutes will be enforced if the plaintiffs act. *Peltz v. S. Euclid* (1967), 11 Ohio St.2d 128, 40 O.O.2d 129, 228 N.E.2d 320.

## II

### Intermediate Scrutiny

{¶ 22} The right to bear arms for defense and security provided by the Ohio Constitution is a fundamental individual right. Majority opinion, ante at ¶ 7; *Arnold v. Cleveland* (1993), 67 Ohio St.3d 35, 616 N.E.2d 163, paragraph two of the syllabus. Generally, infringements upon fundamental rights are subject to strict scrutiny. *State v. Thompson*, 95 Ohio St.3d 264, 2002-Ohio-2124, 767 N.E.2d 251, ¶ 13. Accord *Painesville Bldg. Dept. v. Dworken & Bernstein Co., L.P.A.* (2000), 89 Ohio St.3d 564, 733 N.E.2d 1152 (speech); *Roe v. Wade* (1973), 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (privacy); *Saenz v. Roe* (1999), 526 U.S. 489, 119 S.Ct. 1518, 143 L.Ed.2d 689 (travel); *Humphrey v. Lane* (2000), 89 Ohio St.3d 62, 728 N.E.2d 1039 (religion); *Sorrell v. Thevenir* (1994), 69 Ohio St.3d 415, 423, 633 N.E.2d 504 (trial by jury); *Primes v. Tyler* (1975), 43 Ohio St.2d 195, 198–199, 72 O.O.2d 112, 331 N.E.2d 723 (equal protection). Like other fundamental rights, the right to bear arms for security and defense should normally be protected by strict scrutiny. To survive strict scrutiny, a restriction must be necessary to serve a compelling government interest. See *State v. Thompson*, 95 Ohio St.3d 264, 2002-Ohio-2124, 767 N.E.2d 251, ¶ 13.

{¶ 23} However, as the majority articulates, R.C. 2923.12 regulates only the manner in which a firearm may be carried. Accord *State v. Nieto* (1920), 101 Ohio St. 409, 413, 130 N.E. 663. Because a restriction on the manner of exercising a right necessarily leaves open other means of exercising the right, the lesser standard of intermediate scrutiny is applicable. Accord *Perry Ed. Assn. v. Perry Local Educators' Assn.* (1983), 460 U.S. 37, 45, 103 S.Ct. 948, 74 L.Ed.2d 794 (subjecting manner restrictions on speech to intermediate scrutiny). A manner restriction on the right to bear arms should be subjected to the same level of scrutiny as a manner restriction on the right of free speech. Thus, I would invoke intermediate scrutiny.

{¶ 24} Under intermediate scrutiny, a regulation will be upheld only if the regulation is narrowly tailored to serve an important government interest and leaves open other means of exercising the right. Id. The state argues that the carrying of concealed weapons must be banned to protect public safety. Ensuring public safety is an important government interest that would satisfy the first prong of the test, if the statute were narrowly tailored. Further, the state correctly asserts that the statute leaves open the ability to bear arms by openly carrying a firearm, satisfying the third prong of the test.

{¶ 25} We next turn to whether R.C. 2923.12 is narrowly tailored to serve its goal. To promote public safety, the statute prohibits the carrying of a concealed weapon by anyone unless he establishes that he had reasonable cause to believe the weapon was needed for defensive purposes. The appellees argue that the statute is not narrowly tailored because a citizen is subject to arrest *prior* to being allowed to demonstrate that he was engaged in constitutionally protected activity. I agree that "lesser, more exact restrictions may achieve the [government's] desired goals." *Seven Hills v. Aryan Nations* (1996), 76 Ohio St.3d 304, 309, 667 N.E.2d 942.

{¶ 26} As the majority states, "affirmative defenses are proven at trial, and the burden of proof, a preponderance of the evidence, is upon the accused." Ante at ¶ 17. The majority opinion also inadvertently demonstrates that requiring the accused to prove a constitutional right as an affirmative defense is problematic: "Officers can readily ascertain whether a person is violating R.C. 2923.12(A) and need not concern themselves with whether an affirmative defense is available; that is an issue left to judges and juries to determine." Id. at ¶ 17. A statute that permits arresting a citizen without regard for whether he is exercising a fundamental right, and encumbers the citizen with the burden of proof, is not narrowly tailored. Cf. *Reno v. Am. Civ. Liberties Union* (1997), 521 U.S. 844, 882, 117 S.Ct. 2329, 138 L.Ed.2d 874 ("We agree with the District Court's conclusion that the CDA places an unacceptably heavy burden on protected speech, and that the defenses do not constitute the sort of 'narrow tailoring' that will save an otherwise patently invalid unconstitutional provision").

{¶ 27} Under the current statutory scheme, an officer need not be concerned with whether the accused is engaged in a constitutionally protected, i.e., *lawful*, activity at the time of arrest. Rather, a person can be arrested anytime when carrying a concealed weapon, even if doing so for the constitutionally protected purposes of defense and security. This creates an unavoidable chilling effect on the free exercise of the right to bear arms for defense and security.

{¶ 28} Moreover, the opportunity for the accused to establish that he was exercising a fundamental right does not justify subjecting him to arrest each time he exercises the right. This is as offensive as a statute allowing the arrest of anyone who speaks in public, but permitting the speaker to prove at trial that the speech was constitutionally protected. See, e.g., *Houston v. Hill* (1987), 482 U.S. 451, 107 S.Ct. 2502, 96 L.Ed.2d 398. An otherwise unconstitutional statute is not constitutional solely because it provides that a citizen may point to the Constitution in his defense at trial. The arrest itself violates the fundamental right. By authorizing the arrest, R.C. 2923.12(C) treats " 'a substantial amount of constitutionally protected conduct' " as unlawful. Id. at 458, 107 S.Ct. 2502, 96 L.Ed.2d 398.

{¶ 29} To be narrowly tailored, a statute must place the burden on the state to prove that the accused was not exercising the constitutionally protected, fundamental right to bear arms for security and defense. If the constitutionally protected purposes of security and defense were excepted from the statute's prohibitions rather than established as affirmative defenses, police officers could arrest for failure to comply with the statute but not for merely exercising a constitutionally protected right.

{¶ 30} I would hold R.C. 2923.12 unconstitutional because it treats a fundamental right as a mere affirmative defense. R.C. 2923.12 as a whole would be constitutional only if the state bore the burden of proving that the defendant's actions fell outside those protected as fundamental rights. The statute as written does not permit this. It would require a rewriting of the statute, which is activity solely within the ambit of the legislature.

{¶ 31} Public safety is a compelling state interest. The regulation of concealed weapons falls within this public-safety interest; however, a regulation may limit a fundamental right only as much as absolutely necessary to promote public safety. Other states have successfully balanced the rights of citizens to bear arms with the state's compelling public-safety interest via constitutional statutory regulation. See Ala.Code 13A–11–75; Ariz.Rev.Stat. 13–3112; Ark.Code 5–73–301 et seq.; Colo.Rev.Stat. 18–12–205; Fla.Stat. 790.06; Ga.Code Ann. 16–11–129; Idaho Code 18–3302; Ind.Code 35–47–2; Ky.Rev.Stat. 237.110 et seq.; La.Rev.Stat. 40:1379.3; Me.Rev.Stat. Title 25, Section 2003; Mich.Comp.L. 28.425 et seq.; Minn. 624.714; Miss.Code 45–9–101; Mont.Code 45–8–321; Nev.Rev.Stat. 202.3653 et seq.; N.H.Rev.Stat. 159:6; N.M.Code Art. 29–19; N.C.Gen.Stat. 14–415.10 et seq.; N.D. Century Code 62.1–04–03; Okla.Stat.Ann., Title 21, Section 1290.1 et seq.; Ore. Rev.Stat. 166.291; 18 Pa.C.S.A. 6109; S.C.Code 23–31–205 et seq.; S.D.Codified Laws 23–7–7; Tenn.Code 39–17–1351; Tex.Gov.Code 411.171 et seq.; Utah Code 53–5–704; Va.Code 18.2–308; Rev.Code of Wash. 9.41.070; W.Va.Code 61–7–4; and Wyo.Code 6–8–104. Determining the method of balancing these interests and the responsibility for doing so lie with the legislature and/or the citizens of Ohio.

LUNDBERG STRATTON, J., concurs in the foregoing dissenting opinion.

---

William M. Gustavson and Timothy Smith, for appellees.

Michael K. Allen, Hamilton County Prosecuting Attorney, John J. Arnold and David T. Stevenson, Assistant Prosecuting Attorneys, for appellants Simon L. Leis Jr. et al.: county, township, and municipal appellants.

Julia L. McNeil, Cincinnati City Solicitor, Richard Ganulin, Assistant City Solicitor, and Jonathan E. Lowy, Elizabeth S. Haile and Daniel Vice, for appellant city of Cincinnati.

Jim Petro, Attorney General, Douglas R. Cole, State Solicitor, Darrell M. Pierre Jr., Assistant Attorney General, and Kirk A. Linsdey and John W. Barron, Associate Solicitors, for appellant state of Ohio.

Ulmer & Berne, L.L.P., James N. Kline, Mark E. Porter and David A. Muller, urging reversal for amici curiae Cleveland Department of Law, Ohio Legal Professionals Task Force of the Firearms Law Center, Eric D. Fingerhut, Bruce S. Johnson, David Goldberger, Donald B. Tobin, Charles E. Wilson, James R. Beattie Jr., Carole Berry, Susan M. Gilles, Kent Markus, Christopher B. McNeil, N. Douglas Wells, Terrence T. Wheeler, Kermit Lind, Christopher L. Sagers, Arthur R. Landever, Roger Andersen, Beth A. Eisler, Howard M. Friedman, Bruce M. Kennedy, James M. Klein, Susan R. Martyn, Deborah M. Mostaghel, Lee A. Pizzimenti, Joseph E. Slater, James E. Tierney, Rebecca E. Zietlow, Joanne Brant, Howard N. Fenton, Kenneth Katkin, Robert M. Clyde, Lee Fisher, David A. Kopech, John Lowe IV, John Saros, and Anthony J. Coyne.

Robert B. Newman and Paul Cox, urging reversal for amicus curiae Fraternal Order of Police, Inc.

Robert B. Newman and John Gilchrist, urging reversal for amicus curiae Ohio Association of Chiefs of Police.

Mathew S. Nosanchuk; Covington & Burling, Jennifer L. Saulino, Alan A. Pemberton, Elliott Schulder, Aaron Cooper, and Edward Mathias, urging reversal for amici curiae Violence Policy Center, Ohio Coalition Against Gun Violence, Coalition to Prevent Gun Violence–Interact Cleveland, Educational Fund to Stop Gun Violence, Ohio Council of Churches, Physicians for Social Responsibility, Franciscan Office of Justice, Peace and Integrity of Creation, Toledo Metropolitan Mission, Legal Community Against Violence, Toledo Catholic Diocese–Human Rights Commission, Union of American Hebrew Congregations, and Ohio Public Health Association.

Donald T. Jones, urging affirmance for amici curiae Michael P. Rolfes and Gregg E. Hollenbaugh.

Walter J. Vogel, Robert Dowlut and Stefan Tahmassebi, urging affirmance for amicus curiae National Rifle Association of America.

Walter J. Vogel and James H. Warner, urging affirmance for amicus curiae Law Enforcement Alliance of America.

Jeffrey A. Shafer; Langdon & Shafer, L.L.C., and David R. Langdon, urging affirmance for amici curiae Thomas E. Brinkman Jr., Gun Owners of America, and Ohio Gun Rights Coalition.

Reinhart Law Office and Harry R. Reinhart, urging affirmance for amicus curiae Ohio Association of Criminal Defense Lawyers.

Michael R. Moran Co., L.P.A., and Michael R. Moran, urging affirmance for amicus curiae Ohio Association of Security and Investigation Services.