OPINION
{¶ 1} Plaintiff-Appellant, the State of Ohio, appeals a Seneca County Common Pleas Court dismissal of a carrying a concealed weapon charge against Defendant-Appellee, Kathryn Howard. In support of its dismissal, the trial court found Ohio's Concealed Weapon Statute, R.C.2923.12, to be violative of Sections 1 and 4 of Article I of the Ohio Constitution, unconstitutionally vague, and violative of due process. Based upon the Ohio Supreme Court's recent ruling in Klein v. Leis
(2003), 99 Ohio St.3d 537, 2003-Ohio-4779, we must reverse the judgment of the trial court and remand the cause for further proceedings in accordance with this opinion.
 {¶ 2} On or about July 20, 2002, the Ohio State Highway Patrol stopped a vehicle for speeding in or near Fostoria, Ohio. The driver failed a field sobriety test and was cited for driving under the influence, speeding, and failing to wear a seat belt. Defendant, who was a passenger in the vehicle, was also cited for a seatbelt violation and for wrongful entrustment of a motor vehicle.
 {¶ 3} While conducting an administrative inventory search of the vehicle, the trooper found a loaded nine millimeter semi-automatic handgun under the passenger seat. Defendant admitted ownership of the weapon.
 {¶ 4} Defendant was indicted for carrying a concealed weapon in violation of R.C. 2923.12(A). On November 5, 2002, she moved the trial court to rule that R.C. 2923.12 is unconstitutional, based upon the First Appellate District's pronouncement in Klein v. Leis, (2002),146 Ohio App.3d 526, 2002-Ohio-1634, appeal allowed by (2002),96 Ohio St.3d 1488, 2002-Ohio-4478, and requested dismissal of the indictment. The matter came on for hearing on November 26, 2002. Upon consideration of the arguments presented, the trial court declared R.C.2923.12 unconstitutional, concluding: (1) that the statute effectively constitutes an "outright prohibition" against carrying firearms in violation of Sections 1 and 4 of Article I of the Ohio Constitution; (2) that the statute impermissibly shifts the burden to defendants to prove their innocence through the affirmative defenses contained therein; and (3) that the affirmative defenses contained within R.C. 2923.12 were unconstitutionally vague. The court declared R.C. 2923.12
unconstitutional, thereby granting Defendant's motion to dismiss.
 {¶ 5} The State of Ohio appeals the dismissal, presenting four assignments of error for review. In interests of brevity, we have elected to consolidate the first, second, and third assignments of error.
 Assignment of Error Number One
The Trial Court erred in finding that there is a fundamental Constitutional right to carry a concealed firearm, supposedly guaranteed by the Ohio Constitution.
 Assignment of Error Number Two
The Lower Court erred in holding that the challenged statute violates Section 1, Article I of the Ohio Constitution.
 Assignment of Error Number Three
Ohio's ban on the carrying of concealed weapons does not violate due process.
 Assignment of Error Number Four
The Seneca County Common Pleas Court abused its discretion when it improperly considered supposition about the facts and circumstances of the case and newspaper articles in its findings.
 {¶ 6} The State's first, second, and third assignments of error relate to its contention that R.C. 2923.12 is constitutional under the Ohio and United States Constitutions.
 {¶ 7} As mentioned previously, Defendant cites Klein, in support of her argument that R.C. 2923.12 is unconstitutional. However, the Ohio Supreme Court has overruled the authority relied upon by the trial court and held that R.C. 2923.12 is constitutional as a valid exercise of the state's police power. Accordingly, the State's first, second, and third assignments of error are sustained, and the State's fourth assignment of error is rendered moot.
 {¶ 8} Having found error prejudicial to the appellant herein, in the particulars assigned and argued, the judgment of the Seneca County Common Pleas Court is hereby reversed and the cause is remanded for further proceedings in accordance with this opinion.
Judgment reversed and cause remanded.
WALTERS, SHAW and CUPP, JJ., concur.