OPINION
{¶ 1} Terry Hoke was charged with carrying concealed weapons (a firearm), a violation of R.C. 2312.12(A). The indictment alleged that the offense was committed at premises for which a D liquor permit had been issued. This fact made the offense a third degree felony rather than a fourth degree felony. R.C. 2923.12(D). Hoke entered a plea of no contest and was found guilty. He was sentenced to community control sanctions.
 {¶ 2} The first five "branches" of Hoke's "argument" implicate the constitutionality of R.C. 2312.12. We overrule these branches on the authority of Klein v. Leis (2003), 99 Ohio St.3d 537.
 {¶ 3} The sixth branch states:
 {¶ 4} "The Record is absent of proof of the necessary element under 2923.121 the [sic] Mr. Hoke was in a room that dispensed in a premises for which a D permit has been issued."
 {¶ 5} R.C. 2923.121(A) provides that "(n)o person shall possess a firearm in any room in which liquor is being dispensed in premises for which a D permit has been issued. . . ."
 {¶ 6} Hoke appears to argue that the indictment was insufficient to charge a third degree felony because it didn't allege that the offense occurred in a room where liquor was dispensed.
 {¶ 7} R.C. 2923.12, pursuant to which Hoke was charged and convicted, elevates CCW from a fourth degree felony to a third degree felony if "the weapon involved is a firearm and the violation of this section is committed at premises for which a D permit has been issued. . . ." R.C. 2923.12(D).
 {¶ 8} Putting aside the State's argument that Hoke has raised this argument for the first time on appeal, we reject Hoke's argument on the merits.
 {¶ 9} Hoke was not charged with violating R.C. 2923.121, but with violating R.C. 2923.12. While R.C. 2923.121 confines criminal responsibility for possessing a firearm to doing so in a room in which liquor is being dispensed, R.C. 2923.12 prescribes criminal responsibility for possessing a concealed firearm — a more serious offense because of the concealment — to doing so anywhere upon the permit premises.
 {¶ 10} The indictment included the necessary facts required by R.C. 2923.12(D) to elevate the offense from a fourth degree to a third degree felony.
 {¶ 11} The sixth branch is overruled.
 {¶ 12} The judgment will be affirmed.
FAIN, P.J. and YOUNG, J., concur.