JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Plaintiff-appellant, the state of Ohio, appeals from the trial court's judgment dismissing an indictment that charged defendant-appellee, Kareem A. Weatherby, with carrying a concealed weapon in violation of R.C. 2923.12(A) and ordered that Weatherby be discharged. In its sole assignment of error, the state contends that the trial court erred in granting Weatherby's motion to dismiss. It relies upon Klein v. Leis,99 Ohio St.3d 537, 2003-Ohio-4779, 795 N.E.2d 633. In that case, the Ohio Supreme Court reversed a previous decision of this court, seeKlein v. Leis, 146 Ohio App.3d 526, 2002-Ohio-1634,767 N.E.2d 286, and held that R.C. 2923.12 is constitutional.
The journal entry in this case states that the court dismissed the case for "want of prosecution." Crim.48(B) provides that if the court dismisses an indictment over the objection of the state, "it shall state on the record its findings of fact and reasons for the dismissal." The court may state it reasons at a hearing on the motion to dismiss. See State v. Ferguson, 10th Dist. No. C-02AP-660, 2003-Ohio-665; State v. Mobley (Sept. 3, 1994), 1st Dist. No. C-980868; State v. Kleve (Oct. 26, 1994), 1st Dist. Nos. C-940018 and C-940019. While generally a court of record speaks only through its journal entries, State v. King,70 Ohio St.3d 158, 1994-Ohio-412, 637 N.E.2d 903; State v.Salaam, 1st Dist. No. C-020324, 2003-Ohio-1021, a determination of whether dismissal was proper in this case necessarily requires consideration of the court's reasons for dismissal as stated in the transcript of the hearing on the motion to dismiss.
Generally, a court may dismiss an indictment with prejudice only when a defendant has been denied either a constitutional or a statutory right that, in itself, acts as a bar to prosecution.Fairview Park v. Fleming (Dec. 7, 2000), 8th Dist. Nos. 7723 and 77324; State v. Wright (July 24, 1996), 1st Dist. No. C-960019; State v. Giesler (Dec. 6, 1995), 1st Dist. No. C-950198. At the hearing on the Weatherby's motion to dismiss, the court stated that it was dismissing the indictment based on this court's holding that R.C. 2923.12 was unconstitutional. Because the supreme court has reversed that decision, the indictment on its face does not deny Weatherby a constitutional or a statutory right that acts as a bar to prosecution. Accordingly, we sustain the state's assignment of error, reverse the trial court's judgment and remand this cause for further proceedings consistent with this judgment entry and the law.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Winkler, P.J., Doan and Sundermann, JJ.