JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
The defendant-appellant Shawn Walker appeals from his conviction entered following his plea of no contest to carrying a concealed weapon, in violation of R.C. 2923.12. The trial court sentenced him to three years' community control with intensive supervision.
In his first assignment of error, Walker contends that the trial court erred as a matter of law by not dismissing the indictment because R.C. 2923.12 unconstitutionally infringed upon his right to bear arms. Walker's first assignment of error is overruled on the authority of Klein v. Leis, 99 Ohio St.3d 537,2003-Ohio-4779, 795 N.E.2d 633, paragraph one of the syllabus, as R.C. 2923.12 does not unconstitutionally infringe upon the right to bear arms.
In his second assignment of error, Walker argues that the judgment of conviction should be reversed because the trial court, after imposing the sentence, failed to advise him of his right to appeal as required by Crim.R. 32(B)(2). Although the trial court did advise Walker of his right to appeal during its Crim.R. 11(C) colloquy before accepting his no-contest plea, it did not do so after imposing sentence. But Walker has not shown that this affected a substantial right as a timely notice of appeal was filed on his behalf by his counsel. Accordingly, we find that the alleged error, if any, was harmless, and Walker's second assignment of error is overruled pursuant to Crim.R. 52(A). See State v. Grathwohl (Nov. 18, 1991), 12th Dist. No. CA91-04-058.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Winkler, P.J., Gorman and Sundermann, JJ.