JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant, Jason Washington, appeals a conviction for carrying a concealed weapon pursuant to R.C. 2923.12(A). Washington entered a no-contest plea, and the trial court sentenced him to community control. At the plea hearing, the trial court told him that if he violated the terms of his community control, it would impose a sentence of nine months' incarceration. But at the sentencing hearing, the court stated that it would sentence him to ten months if he violated the terms of his community control.
In his sole assignment of error, Washington now contends that the trial court erred by improperly sentencing him. Though he frames it as a sentencing issue, he argues that his plea was involuntary because of the one-month discrepancy in the sentence the court stated that he would receive if he violated the terms of his community control. This assignment of error is not well taken.
"[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."Santobello v. New York (1971), 404 U.S. 257, 92 S.Ct. 495. When the trial court promises a certain sentence, that promise becomes an inducement to enter a plea. Unless that sentence is given, the plea is not voluntary. State v. Bonnell, 12th Dist. No. C-CA2001-12-094, 2002-Ohio-5882; State v. Triplett (Feb. 13, 1997), 8th Dist. No. 69237.
In this case, Washington has appealed from the judgment sentencing him to community control. The trial court imposed the sentence that it had promised — community control. Washington's argument about the sentence that would be imposed if the court later revoked that community control is premature. The appropriate time to challenge that sentence is whenever the court revokes his community control and imposes a sentence of ten months. See State v. Giles, 1st Dist. No. C-010582, 2002-Ohio-3297.
Further, the record shows that the promise of a nine-month sentence for a violation of the terms of community control did not induce Washington to enter his no-contest plea. Washington did not object in any way at the sentencing hearing when the trial court said that it would impose a ten-month sentence if he violated community control, rather than the nine-month sentence that was stated at the plea hearing. Washington's strategy was to preserve his ability to challenge the constitutionality of the statute prohibiting the carrying of concealed weapons based on this court's decision in Klein v. Leis, 146 Ohio App.3d 526,2002-Ohio-1634, 767 N.E.2d 286, which the Ohio Supreme Court had not yet overruled. See Klein v. Leis, 99 Ohio St.3d 537,2003-Ohio-4779, 795 N.E.2d 633.
The trial court strictly complied with the provisions of Crim.R. 11(C) and correctly informed Washington of the constitutional rights enumerated in Boykin v. Alabama (1969),395 U.S. 238, 89 S.Ct. 1709, that he would waive by pleading no contest. The court also substantially complied with the provisions of the rule in all other respects. See State v.Ballard (1981), 66 Ohio St.2d 473, 423 N.E.2d 115; State v.McCann (1997), 120 Ohio App.3d 505, 698 N.E.2d 470. It conducted a meaningful dialogue to insure that Washington's plea was made knowingly and voluntarily. Under the circumstances, we cannot hold that his plea was involuntary. See State v. Hollis (May 23, 1996), 8th Dist. No. 69201. We overrule his assignment of error and affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Winkler, P.J., Doan and Gorman, JJ.