OPINION
{¶ 1} Defendant-appellant, Duwayne Fitz Morant, appeals his conviction in Mahoning County Common Pleas Court for carrying a concealed weapon, following his no contest plea.
 {¶ 2} On January 13, 2002, Boardman Patrolman Ben Switka observed appellant operating a vehicle with a cracked windshield. Officer Switka ran a LEADS check on the license plates and it came back that the registered owner of the vehicle had an active warrant. Officer Switka stopped the vehicle as it pulled into the parking lot of an apartment building. Officer Switka asked appellant for his driver's license and inquired about the registered owner. Appellant replied that the owner was his girlfriend, Dana Lawson (Lawson), and that she was in an upstairs apartment they shared. Because appellant kept putting his hands in his pockets, Officer Switka conducted a pat down search of him for safety purposes.
 {¶ 3} After Officer Switka's backup officer, Officer Daryl Wagner, arrived, both officers accompanied appellant to the apartment. After entering the apartment, the officers arrested Lawson on the warrant. As the officers were escorting Lawson to the patrol cars, Sergeant Hughes also arrived. Sergeant Hughes asked Lawson if he could have permission to search her vehicle, the same one appellant had just exited. Lawson consented and Sergeant Hughes discovered a handgun wrapped in a cloth and wedged between the front driver's and passenger's seats. Sergeant Hughes and Officer Wagner returned to the apartment and arrested appellant for carrying a concealed weapon.
 {¶ 4} Appellant's case was bound over to a Mahoning County Grand Jury. On February 28, 2002, the grand jury returned an indictment against appellant setting forth one count of carrying a concealed weapon, in violation of R.C. 2923.12(A)(D), a felony of the fourth degree. Appellant pleaded not guilty and the case proceeded to various pre-trial matters. On June 21, 2002, appellant filed a motion to suppress the gun recovered from Lawson's vehicle. On August 20, 2002, appellant filed a motion to dismiss arguing that R.C. 2923.12 was unconstitutional under the Ohio Constitution. The trial court held a hearing on appellant's motion to suppress on October 16, 2002. On March 23, 2003, the trial court filed separate judgment entries overruling both motions.
 {¶ 5} On June 5, 2003, appellant and plaintiff-appellee, State of Ohio, entered into a Crim.R. 11 plea agreement. Appellant agreed to change his plea to no contest in exchange for appellee amending the indictment to omit reference to the firearm and changing the degree of the offense from a felony of the fou rth degree to a misdemeanor of the first degree. On June 4, 2003, the trial court sentenced appellant to one year of probation. This appeal followed.
 {¶ 6} Appellant's sole assignment of error states:
 {¶ 7} "The trial court erred in overruling defendant's motion to suppress and motion to dismiss pursuant to O.R.C. section2923.12 being unconstitutional under the Ohio constitution."
 {¶ 8} This court has previously concluded on numerous occasions that our standard of review with respect to a motion to suppress is limited to determining whether the trial court's findings are supported by competent, credible evidence. State v.Lloyd (1998), 126 Ohio App.3d 95, 100, 709 N.E.2d 913; State v.Winand (1996), 116 Ohio App.3d 286, 288, 688 N.E.2d 9, citingTallmadge v. McCoy (1994), 96 Ohio App.3d 604, 608,645 N.E.2d 802. Such a standard of review is appropriate as, "[i]n a hearing on a motion to suppress evidence, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate the credibility of witnesses."State v. Hopfer (1996), 112 Ohio App.3d 521, 548,679 N.E.2d 321, quoting State v. Venham (1994), 96 Ohio App.3d 649, 653,645 N.E.2d 831. As a reviewing court, this Court must accept the trial court's factual findings and the trial court's assessment of witness credibility. State v. Brown (Sept. 7, 1999), 7th Dist. No. 96-B-22, citing State v. Anderson (1995),100 Ohio App.3d 688, 691, 654 N.E.2d 1034. However, once this Court has accepted those facts as true, it must independently determine as a matter of law whether the trial court met the applicable legal standard. State v. Williams (1993), 86 Ohio App.3d 37, 41,619 N.E.2d 1141, overruled on other grounds as stated in Village ofMcComb v. Andrews (Mar. 22, 2000), 3d Dist. No. 5-99-41.
 {¶ 9} Appellant cites numerous cases in which there was a determination that there was no reasonable suspicion or probable cause to detain the defendant or conduct a search. As appellee correctly notes, the first issue is whether appellant had standing to contest the search.
 {¶ 10} Fourth Amendment rights are personal rights and may not be vicariously asserted. Rakas v. Illinois (1978),439 U.S. 128, 133-134, 99 S.Ct. 421, 58 L.Ed.2d 387. See, also, State v.Coleman (1989), 45 Ohio St.3d 298, 306, 544 N.E.2d 622. The defendant bears the burden of proving that he or she has standing to argue that evidence against the defendant was gained in violation of the defendant's Fourth Amendment rights. Rawlingsv. Kentucky (1980), 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633. To have standing, the defendant must demonstrate that he or she had a legitimate expectation of privacy in the area searched. Id. A defendant does not have a legitimate expectation of privacy when the evidence against the defendant was gained in violation of another's privacy rights. Brown v. United States (1973),411 U.S. 223, 230, 93 S.Ct. 1565, 1569-1570, 36 L.Ed.2d 208, 214-215;United States v. Salvucci (1980), 448 U.S. 83, 85,100 S.Ct. 2547, 2549-2550, 65 L.Ed.2d 619, 623-624 (stating that "[d]efendants charged with crimes of possession may only claim the benefits of the exclusionary rule if their own Fourth Amendment rights have been violated").
 {¶ 11} In this case, appellant had no standing to contest the search. The vehicle was registered to Dana Lawson and she is the undisputed owner of the vehicle. At the suppression hearing, appellant did not testify nor did he present any other evidence that he had any expectation of privacy in the vehicle. Therefore, he did not meet his burden to prove that he had standing.
 {¶ 12} The next issue is consent. One of the exceptions to a warrant and to probable cause is where a search is conducted pursuant to consent. Schneckloth v. Bustamonte (1973),412 U.S. 218, 219, 93 S.Ct. 2041, 36 L.Ed.2d 854. Basically, a person waives his Fourth Amendment rights by consenting to a warrantless search. State v. Barnes (1986), 25 Ohio St.3d 203, 208, 25 OBR 266, 495 N.E.2d 922. Consent may be volunteered by the owner of the property or a person with common authority over the property.State v. Reynolds (1998), 80 Ohio St.3d 670, 674,687 N.E.2d 1358.
 {¶ 13} In order to use the consent exception, the state has the burden of proving by "clear and positive evidence" that the consent was voluntarily given. State v. Posey (1988),40 Ohio St.3d 420, 427, 534 N.E.2d 61, quoting Bumper v. North Carolina
(1968), 391 U.S. 543, 548, 88 S.Ct. 1788, 20 L.Ed.2d 797
(although there is no language requiring clear and positive evidence in Bumper, it has been declared as the standard by the Ohio Supreme Court and the state concedes that this is the proper standard). "[W]hether consent to search was in fact `voluntary' or was the product of duress or coercion, express or implied, is a question of fact to be determined by the totality of the circumstances." Schneckloth, 389 U.S. at 227, 93 S.Ct. 2041,36 L.Ed.2d 854.
 {¶ 14} In this case, the owner of the vehicle, Lawson, gave consent, both orally and in writing, for the police to search her vehicle. This was "clear and positive evidence" that the consent was voluntarily given. Appellant offered no evidence to the contrary.
 {¶ 15} Lastly, appellant argues that R.C. 2923.12 is unconstitutional under the Ohio Constitution based on Klein v.Leis (2002), 146 Ohio App.3d 526, 767 N.E.2d 286. This argument was later addressed and rejected by the Ohio Supreme Court inKlein v. Leis, 99 Ohio St.3d 537, 2003-Ohio-4779,795 N.E.2d 633.
 {¶ 16} Accordingly, appellant's sole assignment of error is without merit.
 {¶ 17} The judgment of the trial court is hereby affirmed.
Waite, P.J., concurs.
DeGenaro, J., concurs in part and dissents in part. See concurring in part and dissenting in part opinion.