[Cite as *State v. Coffman*, 2023-Ohio-4462.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

CRAIG COFFMAN,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case Nos. 23 CO 0005, 23 CO 0006, 23 CO 0007, 23 CO 0008, 23 CO 0009**

---

Criminal Appeals from the
Court of Common Pleas of Columbiana County, Ohio
Case Nos. 2022 CR 138, 2022 CR 202, 2022 CR 329, 2022 CR 590, 2022 CR 559

**BEFORE:**
David A. D'Apolito, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Vito J. Abruzzino*, Columbiana County Prosecutor and *Atty. Shelley M. Pratt,* Assistant Prosecuting Attorney, for Plaintiff-Appellee and

*Atty. Martin E. Yavorcik*, for Defendant-Appellant.

Dated:  December 8, 2023

**D'APOLITO, P.J.**

{¶1} Appellant, Craig Coffman, appeals January 2023 judgments of the Columbiana County Court of Common Pleas sentencing him in five separate cases to a total of nine years (minimum) to 12 and one-half-years (maximum) in prison for aggravated possession of drugs, possession of LSD, tampering with evidence, aggravated trafficking in drugs, trafficking in cocaine, and possession of cocaine following guilty pleas. In these consolidated appeals, Appellant argues the Reagan Tokes Act is unconstitutional. Because Appellant's arguments have already been rejected by this court in *State v. Rose*, 7th Dist. Jefferson No. 21 JE 0014, 2022-Ohio-3529, and by the Supreme Court of Ohio in *State v. Hacker*, Slip Opinion No. 2023-Ohio-2535, we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶2} Appellant was indicted in six separate cases by the Columbiana County Grand Jury. These appeals involve five of those cases: (1) 2022-CR-138; (2) 2022-CR-202; (3) 2022-CR-329; (4) 2022-CR-590; and (5) 2022-CR-559.

## 2022-CR-138

{¶3} On March 9, 2022, a secret indictment was filed in the Columbiana County Court of Common Pleas charging Appellant with one count of aggravated possession of drugs, a felony of the fifth degree in violation of R.C. 2925.11(A). Appellant pled not guilty at his arraignment. Appellant later withdrew his plea and pled guilty to the indictment. On January 4, 2023, the trial court sentenced Appellant to 12 months in prison, concurrent to sentences imposed in Columbiana County Court of Common Pleas Case Nos. 2021-CR-117, 2022-CR-202, and 2022-CR-329. Appellant filed an appeal with this court.

## 2022-CR-202

{¶4} On April 13, 2022, a secret indictment was filed in the Columbiana County Court of Common Pleas charging Appellant with one count of aggravated possession of drugs, a felony of the third degree in violation of R.C. 2925.11(A). Appellant pled not guilty at his arraignment. Appellant later withdrew his plea and pled guilty to the

Case Nos. 23 CO 0005, 23 CO 0006, 23 CO 0007, 23 CO 0008, 23 CO 0009

indictment. On January 4, 2023, the trial court sentenced Appellant to 24 months in prison, concurrent to sentences imposed in Columbiana County Court of Common Pleas Case Nos. 2021-CR-117, 2022-CR-138, and 2022-CR-329. Appellant filed an appeal with this court.

## 2022-CR-329

{¶5} On June 8, 2022, a secret indictment was filed in the Columbiana County Court of Common Pleas charging Appellant with one count of aggravated possession of drugs, a felony of the fifth degree in violation of R.C. 2925.11(A), and one count of possession of LSD, a felony of the fifth degree in violation of R.C. 2925.11(A). Appellant pled not guilty at his arraignment. Appellant later withdrew his plea and pled guilty to the indictment. On January 5, 2023, the trial court sentenced Appellant to ten months in prison on each count of the indictment, concurrent to each other and concurrent to sentences imposed in Columbiana County Court of Common Pleas Case Nos. 2021-CR-117, 2022-CR-138, and 2022-CR-202. Appellant filed an appeal with this court.

## 2022-CR-590

{¶6} On November 16, 2022, an indictment was filed in the Columbiana County Court of Common Pleas charging Appellant with one count of tampering with evidence, a felony of the third degree in violation of R.C. 2921.12(A)(1). Appellant pled not guilty at his arraignment. Appellant later withdrew his plea and pled guilty to the indictment. On January 4, 2023, the trial court sentenced Appellant to ten months in prison, concurrent to the sentence imposed in Case No. 2022-CR-559 and consecutive to the sentences imposed in Columbiana County Court of Common Pleas Case Nos. 2021-CR-117, 2022-CR-138, 2022-CR-202, and 2022-CR-329. Appellant filed an appeal with this court.

## 2022-CR-559

{¶7} On September 14, 2022, a secret indictment was filed in the Columbiana County Court of Common Pleas charging Appellant with one count of aggravated trafficking in drugs, a felony of the second degree in violation of R.C. 2925.03(A)(2), one count of aggravated possession of drugs, a felony of the second degree in violation of

Case Nos. 23 CO 0005, 23 CO 0006, 23 CO 0007, 23 CO 0008, 23 CO 0009

R.C. 2925.11(A), one count of trafficking in cocaine, a felony of the third degree in violation of R.C. 2925.03(A)(2), and one count of possession of cocaine, a felony of the third degree in violation of R.C. 2925.11(A). Appellant pled not guilty at his arraignment. Appellant later withdrew his plea and pled guilty to the indictment. On January 6, 2023, the trial court sentenced Appellant to seven years (minimum) to ten-and-one-half years (maximum) for aggravated trafficking in drugs, seven years (minimum) to ten-and-one-half years (maximum) for aggravated possession of drugs, 30 months for trafficking in cocaine, and 30 months for possession of cocaine, concurrent with each other and concurrent with the sentence imposed in 2022-CR-590 and consecutive to the sentences imposed in Columbiana County Court of Common Pleas Case Nos. 2021-CR-117, 2022-CR-138, 2022-CR-202, and 2022-CR-329.[1] Appellant filed an appeal with this court.

## APPEALS

{¶8} Appellant's total sentence in all five cases amounts to nine years (minimum) to 12 and one-half-years (maximum) in prison. This court consolidated the following appeals: (1) 23 CO 0005; (2) 23 CO 0006; (3) 23 CO 0007; (4) 23 CO 0008; and (5) 23 CO 0009. Appellant raises one assignment of error for our review.

## ASSIGNMENT OF ERROR

**AS AMENDED BY THE REAGAN TOKES ACT, THE REVISED CODE'S SENTENCES FOR QUALIFYING FELONIES VIOLATES THE CONSTITUTIONS OF THE UNITED STATES AND THE STATE OF OHIO.**

{¶9} In his sole assignment of error, Appellant argues the Reagan Tokes Act is unconstitutional. In support of his argument, Appellant takes issue with "[t]he right to trial by jury," "the doctrine of separation of powers," the hearing requirement under R.C. 2967.271, "due process of law," and the void-for-vagueness doctrine. (4/20/2023 Appellant's Brief, p. 5, 8-11). As stated, Appellant's claims have already been rejected by this court and by the Supreme Court of Ohio. *Rose*, *supra*, at ¶ 78; *see also State v.*

---

[1] A nunc pro tunc judgment entry was filed on January 19, 2023.

*Evans*, 7th Dist. Columbiana No. 22 CO 0031, 2023-Ohio-2373, ¶ 15-25; *Hacker, supra,* at ¶ 1.

**{¶10}** Appellant did not object to his sentence or raise any constitutional challenge to R.C. 2967.271 below.

> Failure to raise specific constitutional errors at [the] trial [court level] forfeits all such errors on appeal except for plain error. *State v. Zuern*, 32 Ohio St.3d 56, 63, 512 N.E.2d 585 (1987); Crim.R. 52(B). An appellate court should correct such only to prevent a miscarriage of justice. *State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, ¶ 14. Plain errors must be so obvious that they cannot be ignored. *State v. Rose*, [*supra*, at] ¶ 61.

*Evans*, *supra*, at ¶ 18.

**{¶11}** Am. Sub. S.B. No. 201, 2018 Ohio Laws 157, known as the "Reagan Tokes Law," significantly altered the sentencing structure for many of Ohio's most serious felonies by implementing an indefinite sentencing system for those non-life felonies of the first and second degree, committed on or after March 22, 2019. "The Reagan-Tokes Act is a massive piece of legislation amending dozens of statutes." *Evans, supra,* at ¶ 19.

**{¶12}** "This Court and others have upheld the general constitutionality of the Reagan-Tokes Act, particularly with respect to due process, jury trial, separation of powers, and equal protection." *Id.,* citing *Rose, supra*; *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470; *State v. Ratliff*, 5th Dist. Guernsey No. 21CA000016, 2022-Ohio-1372; *see also State v. Runner*, 7th Dist. Belmont No. 22 BE 0004, 2022-Ohio-4756, ¶ 67 ("Ohio's indefinite sentencing structure does not violate the doctrine of the separation of powers, nor does it violate [the] Appellant's constitutional rights to due process of law or a trial by jury.") We have already found the Reagan Tokes Law "is constitutional beyond a reasonable doubt." *Rose, supra,* at ¶ 78.

**{¶13}** Appellant is concerned that the hearing requirement in R.C. 2967.271 is too vague and fails to provide a minimum of due process.

> However "(t)he fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews*

*v. Eldridge*, 424 U.S. 319, 333, 47 L.Ed.2d 18, 96 S.Ct. 893 (1976), quoting *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965). As stated by the Eighth District Court of Appeals, "the procedures employed under the Reagan Tokes Law provide at a minimum for notice of a hearing at which an inmate has an opportunity to be heard" and therefore "we hold that the law does not violate (the defendant's) right to procedural due process." *State v. Wilburn*, 8th Dist. No. 109507, 2021-Ohio-578, 168 N.E.3d 873, ¶ 37.

*Evans, supra,* at ¶ 20.

**{¶14}** In *Evans*, relying on *Rose*, this court stated:

We thoroughly reviewed a due process challenge to the Reagan-Tokes Act (specifically related to R.C. 2967.271) and held that "(t)he law under review does not give the DRC [Department of Rehabilitation and Correction] unfettered discretion to require an offender to serve more than the minimum term. And it affords an offender notice and an opportunity to be heard before more than the minimum may be required."' *Rose, supra*, at ¶ 77, quoting *State v. Ferguson*, 2nd Dist. Montgomery No. 28644, 2020-Ohio-4153, ¶ 25. * * *

*Evans*, *supra*, at ¶ 21.

**{¶15}** Based on our prior review of this issue, we reject Appellant's argument.

**{¶16}** Regarding Appellant's void-for-vagueness claim, this court stated:

"'(A) law will survive a void-for-vagueness challenge if it is written so that a person of common intelligence is able to ascertain what conduct is prohibited, and if the law provides sufficient standards to prevent arbitrary and discriminatory enforcement.'" *Klein v. Leis*, 99 Ohio St.3d 537, 2003-Ohio-4779, 795 N.E.2d 633, ¶ 16, quoting *State v. Williams*, 88 Ohio St.3d 513, 533, 728 N.E.2d 342 (2000). * * * The void-for-vagueness doctrine

Case Nos. 23 CO 0005, 23 CO 0006, 23 CO 0007, 23 CO 0008, 23 CO 0009

arises when a statute is unclear regarding the types of behavior that is prohibited.

*Evans*, *supra*, at ¶ 22.

**{¶17}** A contention that R.C. 2967.271 is vague because it does not provide coherent due process rights is not a void-for-vagueness argument. *Id.* There is no showing here that R.C. 2967.271 is not clear about some behavior being prohibited. *See Id.* "In *Rose*, we determined that R.C. 2967.271 does not violate due process." *Id.* at ¶ 23, citing *Rose* at ¶ 77.

**{¶18}** Importantly, as stated, the Supreme Court of Ohio recently upheld the constitutionality of Reagan Tokes. Specifically, the Supreme Court held that indefinite sentencing under the Reagan Tokes Law is constitutional. *Hacker, supra,* at ¶ 1. The Supreme Court found that Reagan Tokes does not violate the separation-of-powers doctrine, the offender's right to a trial by jury, or procedural due process. *Id.*

**{¶19}** Accordingly, Appellant's claims are without merit as this court and the Supreme Court of Ohio have upheld the constitutionality of Reagan Tokes. *Rose, supra,* at ¶ 78; *Evans, supra,* at ¶ 25; *Hacker, supra,* at ¶ 1. Appellant fails to establish plain error.

## CONCLUSION

**{¶20}** For the foregoing reasons, Appellant's sole assignment of error is not well-taken. The January 2023 judgments of the Columbiana County Court of Common Pleas sentencing Appellant in five separate cases to a total of nine years (minimum) to 12 and one-half-years (maximum) in prison for aggravated possession of drugs, possession of LSD, tampering with evidence, aggravated trafficking in drugs, trafficking in cocaine, and possession of cocaine following guilty pleas are affirmed.

Waite, J., concurs.

Robb, J., concurs.

Case Nos. 23 CO 0005, 23 CO 0006, 23 CO 0007, 23 CO 0008, 23 CO 0009

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgments of the Court of Common Pleas of Columbiana County, Ohio, are affirmed. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**