OPINION
{¶ 1} Defendant-appellant, Harry DeGrey, appeals his conviction in the Warren County Court of Common Pleas for carrying a concealed weapon. We affirm the conviction.
 {¶ 2} Shortly before 11:00 p.m. on May 6, 2003, Sergeant Phil Johnson of the Hamilton Township Police Department was patrolling Grandin Road, in Hamilton Township. He came upon a van, parked off the road near a vacant industrial building, adjacent to the Loveland Bike Trail. He found the van suspicious because it was parked facing the wrong direction, and it did not have a front license plate. He stopped to investigate the vehicle and called in the rear license plate number. Police dispatch informed him that the license plate was not registered to the vehicle. Sgt. Johnson used a flashlight to look inside the van, and saw two rounds of ammunition in plain view. Two additional officers arrived at the scene to assist Sgt. Johnson, and a third arrived a few minutes later.
 {¶ 3} Thinking that the owner of the van might be in the vacant building which was prone to vandalism, Sgt. Johnson announced over his vehicle's P.A. system that the owner of the vehicle should come forward to claim it, or it would be towed. Moments later, one of the other officers, Deputy Todd Snelling of the Warren County Sheriff's Office, noticed appellant walking on Grandin Road toward the officers and the van. He could see that appellant was carrying something in both of his hands, and as appellant approached them, asked what he was holding. Appellant replied that he was holding keys and a flashlight. Deputy Snelling asked appellant if he was carrying anything else "he needed to know about." Appellant responded, "yes," and Deputy Snelling patted him down, discovering a handgun in appellant's back pocket. The gun held six rounds of ammunition in its clip and one round of ammunition in its chamber. After securing the gun, appellant was Mirandized and arrested, and the vehicle was towed. Upon conducting an inventory search of the vehicle, police found three rounds of .45 caliber ammunition.
 {¶ 4} Appellant was indicted on one count of carrying a concealed weapon, a violation of R.C. 2923.12(A). A jury found appellant guilty of the charge, and he was sentenced accordingly. He appeals the conviction, raising four assignments or error.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT OVERRULED HIS MOTION TO SUPPRESS."
 {¶ 7} When reviewing a trial court's decision on a motion to suppress, an appellate court defers to the trial court's findings of fact if supported by competent, credible evidence. State v. McNamara (1997),124 Ohio App.3d 706, 710. The appellate court then determines without deference to the trial court's decision, whether the court has applied the appropriate legal standard. State v. Anderson (1995),100 Ohio App.3d 688, 691.
 {¶ 8} In this assignment of error, appellant argues that the police did not have reasonable suspicion to conduct the investigatory stop, and Deputy Snelling was consequently unwarranted in conducting the protective search. We disagree.
 {¶ 9} Under the Fourth Amendment to the United States Constitution, a police officer may conduct a brief investigatory stop of an individual only if the officer has reasonable suspicion that the individual is involved in criminal activity. Terry v. Ohio (1968), 392 U.S. 1, 34,88 S.Ct. 1868. Once an officer has made a reasonable investigative stop and has a reasonable suspicion that an individual may be armed, "the officer may initiate a protective search for the safety of himself and others." State v. Bobo (1988), 37 Ohio St.3d 177, paragraph two of the syllabus, certiorari denied (1988), 488 U.S. 910, 109 S.Ct. 264. "The purpose of the limited search is not to discover evidence of crime, but to allow the officer to pursue his investigation without fear of violence."Adams v. Williams (1972), 407 U.S. 143, 146, 92 S.Ct. 1921. The propriety of both the investigatory stop and a protective search must be viewed in light of the totality of the circumstances. Bobo, at paragraph one of the syllabus. "[T]he circumstances are to be viewed through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold. A court reviewing the officer's actions must give due weight to his experience and training and view the evidence as it would be understood by those in law enforcement." State v. Andrews
(1991), 57 Ohio St.3d 86, 87-88, (citations omitted).
 {¶ 10} We find that under the totality of the circumstances presented here, the trial court reasonably determined that the officers were justified in initially stopping appellant and then conducting a pat-down search for weapons. Appellant's vehicle was found at night, parked facing the wrong direction, near a vacant building. Dispatch reported to the officers that the license plate did not match the vehicle. Sgt. Johnson observed ammunition inside the vehicle. Appellant approached the officers after Sgt. Johnson announced over his P.A. system that the owner of the vehicle should come forward to claim it. And, appellant responded affirmatively when Deputy Snelling inquired if appellant was carrying anything that the police should be aware of.
 {¶ 11} Considering the totality of the circumstances, the officers had reasonable suspicion to conduct the protective search, and consequently, the trial court did not err in overruling appellant's motion to suppress. The first assignment of error is overruled.
 {¶ 12} Assignment of Error No. 2:
 {¶ 13} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT REFUSED TO ALLOW TESTIMONY REGARDING A POLICE REPORT."
 {¶ 14} In his second assignment of error, appellant first argues that the trial court erroneously sustained the state's hearsay objection to a police report appellant sought to admit as evidence. We find this contention to be without merit. Review of the record demonstrates that, while the trial court sustained the state's objection to the hearsay testimony of Sgt. Johnson who was asked to testify as to the contents of the report which he had not prepared, the police report itself was marked as appellant's "Exhibit A," entered into evidence and submitted to the jury.
 {¶ 15} We also find appellant's contention that Sgt. Johnson's testimony should have been permitted is without merit. Appellant could have subpoenaed the preparing officer to testify regarding the report; however, he did not. Instead, appellant attempted to elicit hearsay testimony from Sgt. Johnson. The trial court did not abuse its discretion when it excluded this hearsay testimony. See Evid.R. 801; State v.Axson, Cuyahoga App. No. 81231, 2003-Ohio-2182, ¶ 41, rev'd. on other grounds 104 Ohio St.3d 248, 2004-Ohio-6396. Appellant's second assignment of error is overruled.
 {¶ 16} Assignment of Error No. 3:
 {¶ 17} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT DID NOT PROVIDE COMPLETE INSTRUCTIONS TO THE JURY."
 {¶ 18} R.C. 2923.12 provides two affirmative defenses to the charge of carrying a concealed weapon. Appellant requested, and the trial court provided the jury, an instruction regarding the affirmative defense in R.C. 2923.12(C)(2). On appeal, appellant contends that the trial court should have also provided the jury with an instruction with regard to the affirmative defense in R.C. 2923.12(C)(1).
 {¶ 19} Appellant failed to request this specific jury instruction or object to the trial court's instructions, and has consequently waived this issue on appeal. See Crim.R. 30; State v. Underwood (1983),3 Ohio St.3d 12, syllabus. Nevertheless, errors otherwise waived may be considered by an appellate court under the doctrine of plain error if the error affects a substantial right. See Crim.R. 52(B). "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, however, under exceptional circumstances and only to prevent a miscarriage of justice." State v. Ford, Cuyahoga App. No. 84138,2004-Ohio-5610, ¶ 23, citing State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus. Plain error exists when, but for the error, the outcome of the trial would have been different. State v.Moreland (1990), 50 Ohio St.3d 58, 62. We find no plain error in this instance.
 {¶ 20} A trial court generally possesses broad discretion to fashion jury instructions. The trial court must not, however, fail to "fully and completely give the jury all instructions which are relevant and necessary for the jury to weigh the evidence and discharge its duty as the fact finder." State v. Comen (1990), 50 Ohio St.3d 206, paragraph two of the syllabus; State v. Joy, 74 Ohio St.3d 178, 181, 1995-Ohio-259. If insufficient evidence exists to warrant the instruction, the trial court is not obliged to present the instruction to the jury. State v. Less,67 Ohio St.3d 487, 494, 1993-Ohio-52; State v. Melchior (1978),56 Ohio St.2d 15. A defendant is required to meet the burden of going forward "with evidence of a nature and quality sufficient to raise an affirmative defense. * * * The trial court, as a matter of law, cannot give a jury instruction on an affirmative defense if a defendant fails to meet this burden[.]" State v. Reed (Dec. 11, 1996), Jackson App. No. 96 CA 782.
 {¶ 21} R.C. 2923.12(C)(1) provides an affirmative defense to a charge of carrying a concealed weapon, if the weapon was carried for defensive purposes, while the actor was engaged in, or was going to or from the actor's lawful business or occupation, which is of such character "as to render the actor particularly susceptible to criminal attack, such as would justify a prudent person in going armed." While appellant testified that there was a problem with criminal activity taking place at his place of business after hours, appellant's own testimony was that he was taking a walk for pleasure on the Loveland bike trail, in Warren County. His place of business is in Butler County. Because appellant failed to present evidence sufficient to warrant instructing the jury on this affirmative defense, the trial court's failure to do so constitutes neither error, nor plain error.
 {¶ 22} Appellant further contends that the trial court erred by not providing the jury with his proposed instruction regarding the constitutional right to bear arms. We also find this contention to be without merit. Appellant was tried for carrying a concealed weapon, in violation of R.C. 2923.12. The Ohio Supreme Court has consistently differentiated the constitutional right to bear a firearm from carrying a concealed weapon, and has held that the statute prohibiting carrying concealed weapons does not unconstitutionally infringe on the right to bear arms. See Klein v. Leis, 99 Ohio St.3d 537, 2003-Ohio-4779; Statev. Nieto (1920), 101 Ohio St. 409, 413. Again, the instruction was not warranted, and the trial court did not err by not providing the jury with the requested instruction. Appellant's third assignment of error is overruled.
 {¶ 23} Assignment of Error No. 4:
 {¶ 24} "DEFENDANT-APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 25} When reviewing whether a conviction is supported by the weight of the evidence, the reviewing court examines the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed."State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52, citing Statev. Martin (1983), 20 Ohio App.3d 172, 175. Only in exceptional cases, where the evidence "weighs heavily against the conviction," should an appellate court overturn the judgment. Id. In order for an appellate court to reverse a conviction on the basis that the verdict is against the manifest weight of the evidence, the appellate court must unanimously disagree with the jury's resolution of the evidence. Thompkins at 387.
 {¶ 26} Appellant specifically argues that his conviction is against the manifest weight of the evidence because he established the affirmative defense provided in R.C. 2923.12(C)(2). This section provides that it is an affirmative defense to a charge of carrying a concealed weapon if a person who is not otherwise prohibited from having the weapon shows that the weapon was carried or kept ready at hand by the actor for defensive purposes, while the actor was engaged in a lawful activity and had reasonable cause to fear a criminal attack upon the actor or a member of the actor's family, or upon the actor's home, such as would justify a prudent person in going armed. The burden of going forward with evidence of the defense, and the burden of proof, by a preponderance of the evidence, is on the accused. R.C. 2901.05(A); Klein, 99 Ohio St.3d at 537,2003-Ohio-4779 at ¶ 17.
 {¶ 27} In support of his defense, appellant presented testimony that his place of business was subject to vandalism and that people sometimes loitered on the property after hours. Appellant also testified that he feared for his personal safety because of a contractual dispute he had with an alleged murderer.
 {¶ 28} Appellant's defense turns both on the weight of the evidence and credibility of the witnesses, which are primarily issues for the trier of fact to resolve. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Even if appellant's allegations were credible, the jury was not required to give appellant's experiences the weight that he gave them. In determining that the evidence would not justify a prudent man in going armed, a jury can consider that, while a threat was perceived, the nature and extent of the threatened harm does not warrant carrying a concealed weapon. See State v. Orin (1992),84 Ohio App.3d 812, 818; State v. Timony (Oct. 7, 1998), Summit App. No. 18891 ("[t]here must be a temporal and spatial proximity between the threat and the carrying of a concealed weapon. To hold otherwise would render this offense a nullity as anyone could justify his actions by claiming present fears arising from past threats"). Upon review of the record, we do not find that the jury clearly lost its way or created such a manifest injustice that reversal is required. Appellant's fourth assignment of error is overruled.
Judgment affirmed.
Young and Bressler, JJ., concur.