The STATE of Ohio, Appellee,

v.

BROWN, Appellant.

[Cite as *State v. Brown,* 168 Ohio App.3d 314, 2006-Ohio-4174.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 2005–T–0100.

Decided Aug. 11, 2006.

Dennis Watkins, Trumbull County Prosecuting Attorney, and LuWayne Annos, Assistant Prosecuting Attorney, for appellee.

Samuel F. Bluedorn, for appellant.

---

WILLIAM M. O'NEILL, Judge.

{¶ 1} This appeal is submitted to this court on the record and the briefs of the parties. Appellant, Marvin J. Brown, appeals the judgment entered by the Trumbull County Court of Common Pleas. Brown was convicted of two counts of improperly handling firearms in a motor vehicle.

{¶ 2} Brown applied for, and received, a license to carry a concealed handgun pursuant to R.C. 2923.125.

{¶ 3} On October 16, 2004, Brown was stopped by Sergeant Merkel of the Warren Police Department for speeding. Sergeant Merkel ran a check on Brown's driver's license. At that time, the dispatcher informed Sergeant Merkel that Brown possessed a concealed-carry license. Upon returning to Brown's vehicle to issue the speeding citation, Sergeant Merkel asked Brown if he had a firearm in the car. Brown replied that there was a gun in the glove compartment. After removing Brown from the vehicle, Sergeant Merkel searched the glove compartment. He discovered a loaded, nine-millimeter handgun in the glove compartment, which was unlocked.

{¶ 4} As a result of the stop, Brown was indicted on two counts of improperly handling firearms in a motor vehicle in violation of R.C. 2923.16. Count one alleged that Brown failed to promptly inform Sergeant Merkel that he possessed a firearm, in violation of R.C. 2923.16(E)(3), which is a fourth-degree misdemeanor. Count two alleged that Brown failed to secure the firearm in a locked glove compartment, in violation of R.C. 2923.16(E)(1), a fifth-degree felony.

{¶ 5} Brown filed a motion to dismiss the indictment. He argued that R.C. 2923.16(E)(1) and (3) were unconstitutional, both facially and as applied. The trial court denied Brown's motion to dismiss.

{¶ 6} Brown pled no contest to the charges against him. The trial court found Brown guilty of both charges. The trial court sentenced Brown to five years of community control, which contained various conditions, including the permanent forfeiture of his concealed-carry license. The trial court indicated that community-control violations could result in Brown being sentenced to one year in prison on count two and 30 days on count one.

{¶ 7} Brown has timely appealed the trial court's judgment entry to this court. Brown submitted a statement of the evidence, pursuant to App.R. 9(C), to the trial court. The state did not file objections to Brown's App.R. 9(C) statement, and the trial court issued a judgment entry approving it.

{¶ 8} On appeal, Brown raises the following assignment of error:

{¶ 9} "The trial court erred in finding that R.C. 2923.16(E)(1) and (3) did not violate the Equal Protection and Due Process Clauses of the U.S. and Ohio Constitutions."

{¶ 10} Brown argues that R.C. 2923.16(E)(1) and (3) unnecessarily infringe upon his constitutional right to bear arms. We disagree.

{¶ 11} "Section 4, Article I of the Ohio Constitution confers upon the people of Ohio the fundamental right to bear arms. However, this right is not

absolute." [1]  The state, through its police power, may regulate "the manner in which weapons can be carried." [2]  Legislation that limits or prohibits an individual's right to possess a firearm must be "reasonable." [3]

{¶ 12} R.C. 2923.16 provides:

{¶ 13} "(E) No person who has been issued a license or temporary emergency license to carry a concealed handgun under section 2923.125 or 2923.1213 of the Revised Code shall do any of the following:

{¶ 14} "(1) Knowingly transport or have a loaded handgun in a motor vehicle unless the loaded handgun either is in a holster and in plain sight on the person's person or it is securely encased by being stored in a closed, locked glove compartment or in a case that is in plain sight and that is locked;

{¶ 15} " * * *

{¶ 16} "(3) If the person is the driver or an occupant of a motor vehicle that is stopped as a result of a traffic stop or a stop for another law enforcement purpose and if the person is transporting or has a loaded handgun in the motor vehicle in any manner, fail to promptly inform any law enforcement officer who approaches the vehicle while stopped that the person has been issued a license or temporary emergency license to carry a concealed handgun and that the person then possesses or has a loaded handgun in the motor vehicle."

{¶ 17} Initially, we note that R.C. 2923.16(B) prohibits the carrying of a loaded firearm in the passenger compartment of a motor vehicle.  Further, R.C. 2923.16(C) specifically regulates the manner in which an unloaded firearm may be transported in a motor vehicle.  The Supreme Court of Ohio has held that "R.C. * * * 2923.16(B) and (C) do not unconstitutionally infringe the right to bear arms." [4]

{¶ 18} Following the Supreme Court of Ohio's holding in *Klein v. Leis*, R.C. 2923.16 was amended, including the additions of current subsections (E)(1) and (3).  These subsections were added due to the enactment of Ohio's concealed-carry law. [5]  These subsections *expanded* the right to bear arms in a motor vehicle.  Prior to the enactment of these subsections, a loaded firearm was not

---

1.  *Arnold v. Cleveland* (1993), 67 Ohio St.3d 35, 616 N.E.2d 163, paragraph two of the syllabus.

2.  *Klein v. Leis*, 99 Ohio St.3d 537, 2003-Ohio-4779, 795 N.E.2d 633, at ¶ 13.

3.  *Arnold v. Cleveland*, 67 Ohio St.3d at 47, 616 N.E.2d 163.  See, also, *Klein v. Leis*, 99 Ohio St.3d 537, 2003-Ohio-4779, 795 N.E.2d 633, at ¶ 14.

4.  *Klein v. Leis*, 99 Ohio St.3d 537, 2003-Ohio-4779, 795 N.E.2d 633, at ¶ 3.

5.  See R.C. 2923.125 et seq.

permitted in the passenger compartment of a motor vehicle.[6]   R.C. 2923.16(E)(1) and (3) permit, with certain limitations, the holder of a concealed-carry license to have a loaded firearm in the passenger compartment of a motor vehicle.  Since R.C. 2923.16(E)(1) and (3) place fewer restrictions on the right to bear arms than the former version of the statute, which the Supreme Court of Ohio found to be constitutional, these subsections are constitutional.

{¶ 19} Further, in examining the prohibiting language of the subsections at issue, we find it to be reasonable.  R.C. 2923.16(E)(1) requires a loaded handgun in the passenger compartment of a motor vehicle to be secured in plain sight in a holster on the licensee's person, or locked in a glove compartment or secured case.   These restrictions reduce the possibility of the loaded firearm being acquired by a third person and increase safety for police officers approaching the vehicle.   R.C. 2923.16(E)(3) requires the concealed-carry licensee to promptly notify a law enforcement officer that a loaded firearm is in the vehicle.   Likewise, this provision is designed to increase police officer safety by alerting the officer that a loaded firearm is in the vehicle.   Both of these subsections are a reasonable use of the state's police power to control the manner in which loaded firearms are transported.

{¶ 20} Additionally, Brown argues that R.C. 2923.16(E)(1) and (3) are vague.

{¶ 21} " '[A] law will survive a void-for-vagueness challenge if it is written so that a person of common intelligence is able to ascertain what conduct is prohibited, and if the law provides sufficient standards to prevent arbitrary and discriminatory enforcement.' " [7]

{¶ 22} These provisions are not vague.  R.C. 2923.16(E)(1) clearly provides how a person with a concealed-carry license may transport a loaded firearm in a motor vehicle.  The language is clear and unambiguous.  As it pertains to this matter, the statute clearly states that the loaded firearm must be secured in a *locked* glove compartment.  Brown argues that the glove compartment in his vehicle did not have a lock.  This fact does not make the statute void for vagueness.  Brown had several choices to comply with the statute, he could (1) have a lock installed on his glove compartment, (2) carry the weapon in plain sight on his person in a holster, or (3) secure the firearm in a locked box as prescribed in the statute.  Finally, we do not believe that this section would lead

---

6.   See R.C. 2923.16(B).

7.   *Klein v. Leis,* 99 Ohio St.3d 537, 2003-Ohio-4779, 795 N.E.2d 633, at ¶ 16, quoting *State v. Williams* (2000), 88 Ohio St.3d 513, 533, 728 N.E.2d 342, citing *Chicago v. Morales* (1999), 527 U.S. 41, 56–57, 119 S.Ct. 1849, 144 L.Ed.2d 67.

to arbitrary or discriminatory enforcement. In any given case, the firearm either is or is not secured in a manner that complies with the statute.

{¶ 23} Likewise, R.C. 2923.16(E)(3) passes a void-for-vagueness test. This section requires an individual with a concealed-carry license to "promptly" notify the officer, upon being stopped in a traffic stop, that a firearm is in the vehicle. The only provision of this statute that is arguably ambiguous is the term "promptly." "To do something 'promptly' is to do it without delay and with reasonable speed."[8] Thus, a person of common intelligence would readily understand this term, as it is used in this situation, to require the license holder to inform the officer about the weapon as soon as possible. Certainly, the notification should occur during the initial encounter with the officer. We do not find this term, or the remaining terms in this section, to be ambiguous.

{¶ 24} The trial court did not err by concluding that R.C. 2923.16(E)(1) and (3) are not unconstitutional. Brown's assignment of error is without merit.

{¶ 25} The judgment of the trial court is affirmed.

Judgment affirmed.

O'TOOLE, J., concurs.

GRENDELL, J., concurs in part and dissents in part.

DIANE V. GRENDELL, Judge, concurring and dissenting in part.

{¶ 26} I concur in the majority's ruling affirming appellant's conviction for violating R.C. 2923.16(E)(3). Appellant should have informed Sergeant Merkel that he was a concealed-carry permit holder and had a loaded firearm in his vehicle.

{¶ 27} However, I disagree with the majority's decision concerning the constitutionality of R.C. 2923.16(E)(1) and, therefore, dissent from the majority's decision to affirm appellant's conviction under that statutory provision.

{¶ 28} The majority's conclusion that R.C. 2923.16(E)(1) is constitutional simply because the more restrictive former version of the statute was found by the Ohio Supreme Court to be constitutional is incorrect. Suppose the legislature passed a law allowing only left-handed people to carry a concealed weapon. While that law would be less restrictive than the previous statutory ban prohibiting anyone from carrying a concealed weapon, it would still fail to pass constitutional muster on equal protection and substantive due process grounds.

---

8. Black's Law Dictionary (6th Ed.Rev.1990) 1214.

{¶ 29} Therefore, the question to be decided is whether the provisions in current R.C. 2923.16(E)(1) are constitutional.

{¶ 30} The majority correctly notes that "[l]egislation that limits or prohibits an individual's right to possess a firearm must be 'reasonable.' " See *Arnold v. Cleveland* (1993), 67 Ohio St.3d 35, 47, 616 N.E.2d 163; *Klein v. Leis*, 99 Ohio St.3d 537, 2003-Ohio-4779, 795 N.E.2d 633, at ¶ 14.

{¶ 31} With respect to R.C. 2923.16(E)(1), how is it "reasonable" to mandate that access to a loaded firearm in the glove compartment of a vehicle be restricted by a lock, when that same statutory provision allows the driver to wear that same loaded weapon on his or her person in an *unlocked* holster?

{¶ 32} The majority argues that the locked-glove-box requirement reduces the possibility of the loaded firearm being acquired by a third person and increases safety for police officers approaching the vehicle. There simply is no evidence in the record supporting the majority's arguments. Moreover, the majority's views are contrary to common sense and physical realities. A third person can just as readily reach out and grab a firearm from a driver's unlocked holster as he can take that firearm from a closed glove compartment. And, as to police safety, a driver wearing a firearm in a holster has quicker access to that weapon than a firearm several feet away in a closed glove compartment. As this case demonstrates, the real risk to law enforcement officers is not drivers with concealed-carry permits, who, as in this case, can be readily identified by an officer through a simple computer check. The real risk to law enforcement officers is the criminal element, who do *not* bother with such matters as permits, visible holsters, or closed glove compartments.

{¶ 33} In light of the statutory recognition that a concealed-carry permit holder may carry a loaded firearm in an unlocked holster on his or her person while driving a vehicle, there simply is no rational basis for requiring that the storage of that same loaded weapon in a closed glove compartment must be secured by a lock. Thus, the portion of R.C. 2923.16(E)(1) requiring a lock on a glove compartment as a prerequisite for a concealed-carry permit holder's transport of a loaded firearm is unreasonable and unconstitutional. Appellant's conviction for violating R.C. 2923.16(E)(1) should be reversed, and this case should be remanded for resentencing.