[Cite as *State v. Rush*, 2012-Ohio-5919.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 25179 |
| vs. | : | T.C. CASE NO. 2011CR721 |
| DEMETRIOUS H. RUSH | : | (Criminal Appeal from the Common Pleas Court) |
| Defendant-Appellant | : | |

. . . . . . . . .

**O P I N I O N**

Rendered on the 14th day of December, 2012.

. . . . . . . . .

Mathias H. Heck, Jr., Prosecuting Attorney, by Andrew T. French, Assistant Prosecuting Attorney, Atty. Reg. No. 0069384, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

Herbert Creech, Atty. Reg. No. 0005198, 200 F Jamestown Circle, Dayton, Ohio 45458
    Attorney for Defendant-Appellant

. . . . . . . . .

GRADY, P.J.:

{¶ 1}  Defendant Demetrious Rush appeals his conviction and sentence for improper handling of a firearm in a motor vehicle, R.C. 2923.16(B), a felony of the fourth degree.

{¶ 2}  In April 2011, Defendant was indicted on one count of carrying a concealed weapon.  He filed a motion to dismiss, challenging the constitutionality of the CCW statute,

and a motion to suppress, both of which were overruled. After the suppression hearing Defendant was re-indicted, adding a charge of improper handling of a firearm in a motor vehicle. Defendant filed a motion to dismiss the second indictment, claiming that the R.C. 2923.16(B) is unconstitutional under the Second Amendment to the United States Constitution. The trial court overruled Defendant's motion.

{¶ 3} Defendant pled no contest to the improper handling charge and the State dismissed the carrying a concealed weapon charge. The trial court sentenced Defendant to community control sanctions. Defendant appeals, raising one assignment of error.

{¶ 4} Defendant's assignment of error:

"THE STATUTE UPON WHICH APPELLANT'S CONVICTION IS BASED IS INVALID IN THAT IT IS AN UNCONSTITUTIONAL INFRINGEMENT UPON THE FUNDAMENTAL RIGHT TO KEEP AND BEAR ARMS PROTECTED BY THE SECOND AMENDMENT TO THE UNITED STATES CONSTITUTION AND THUS NECESSITATES A REVERSAL OF HIS CONVICTION."

{¶ 5} Defendant was convicted of improper handling of a firearm in a motor vehicle, in violation of R.C. 2923.16(B), which states: "No person shall knowingly transport or have a loaded firearm in a motor vehicle in such a manner that the firearm is accessible to the operator or any passenger without leaving the vehicle." He maintains that the statute is unconstitutional because it infringes upon his Second Amendment right to keep and bear arms.

{¶ 6} "It is fundamental that a court must 'presume the constitutionality of lawfully enacted legislation.'" *Klein v. Leis,* 99 Ohio St.3d 537, 2003-Ohio-4779, 795 N.E.2d 633, ¶

4, quoting *Arnold v. Cleveland,* 67 Ohio St.3d 35, 38, 616 N.E.2d 163 (1993). Therefore, the challenged legislation will not be invalidated unless the challenger proves beyond a reasonable doubt that the contested statute is unconstitutional. *Id.*, citing *Arnold* at 39.

{¶ 7} The Second Amendment to the United States Constitution provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." The United States Supreme Court has held that the Second Amendment right to bear arms is a fundamental right. *McDonald v. Chicago,* 561 U.S. ___, 130 S.Ct. 3020, 3036-3037, 177 L.Ed.2d 894 (2010), citing *Dist. of Columbia v. Heller,* 554 U.S. 570, 128 S.Ct. 2783, 171 L.E.2d 637 (2008). *Accord, Klein* at ¶ 7, citing *Arnold* (both interpreting the right to bear arms encompassed within Section 4, Article I of the Ohio Constitution). However, an individual's right to bear arms is not unlimited. *State v. King,* 2d Dist. Montgomery 24141, 2011-Ohio-3417*,* ¶ 22, citing *Heller* at 626*; Klein* at ¶ 7-8.

{¶ 8} In *King*, we held that R.C. 2923.16(B) does not constitutionally infringe on an individual's right to bear arms. *King* at ¶ 25, citing *Klein* at ¶ 3, reasoned that the statute does not prohibit all transportation of firearms in motor vehicles. Instead, it limits the manner in which loaded firearms may be transported. Regulations regarding the manner in which firearms may be carried are adopted in exercise of the State's police power. *Id.* at ¶22, citing *Klein* at ¶13, in turn citing *Arnold* at ¶ 47 and *State v. Nieto,* 101 Ohio St. 409, 413, 130 N.E. 663 (1920). Such regulations "are constitutionally permissible if they impose reasonable limitations upon an individual's right to bear arms." *Id.,* citing *Klein* at ¶ 14; *Arnold* at ¶ 47-48.

{¶ 9}   We held in *King* that the limits upon an individual's right to transport a loaded gun within reach of the driver or a passenger that R.C. 2923.16(B) imposes "are both appropriate and reasonable."   *Id.* at ¶ 23.   The statutory limitation is "rationally related to a legitimate government interest in safety – the safety of the person possessing the firearm, the safety of other passengers in the vehicle, the safety of other cars on the roadway, and the safety of police officers who encounter these individuals."   *Id.* at ¶ 28, citing *State v. Brown,* 168 Ohio App.3d 314, 2006-Ohio-4174, 859 N.E.2d 1017; *State v. White,* 3d Dist. Marion No. 9-96-66, 1997 WL 180307 (March 28, 1997).

{¶ 10} Defendant asks us to reconsider our holding in *King.*   He contends that *King* applied a rational basis test, while challenges brought pursuant to the Second Amendment, because it confers a fundamental right, must be decided by applying the "strict scrutiny" standard of review.   Defendant relies on *Dist. of Columbia v. Heller.*   However, *Heller* did not expressly prescribe a strict scrutiny standard of review for Second Amendment challenges.

{¶ 11} A threshold question is whether Defendant's argument is that R.C. 2923.16(B) is unconstitutional on its face or merely unconstitutional as applied to him.   Defendant does not contend that the statute unconstitutionally restricts the right to transport guns in a motor vehicle absolutely.   Instead, he argues that the statute infringes on his legitimate right of self-defense protected by the Second Amendment.   In that respect, Defendant's contention is that R.C. 2923.16(B) is unconstitutional as applied to him.   However, on this record, that is an issue we are unable to decide.

{¶ 12}   The indictment provides us with the only information   contained in the record regarding the factual basis for Defendant's conviction for improper handling of a firearm in a

motor vehicle. Defendant has provided us with no transcripts of any of the trial court proceedings. We therefore are unable to discern and weigh how Defendant's right of self-defense was allegedly infringed. Based on the record before us, we can only conclude that, factually, Defendant's conviction falls within the appropriate and reasonable limitations that R.C. 2923.16(B) places on the manner in which loaded firearms may be transported in a motor vehicle. *King*.

{¶ 13} His having failed to prove beyond a reasonable doubt that the challenged statute is unconstitutional, Defendant's sole assignment of error is overruled. The judgment of the trial court will be affirmed.

Froelich, J., and Hall, J., concur.

**Copies mailed to:**

**Andrew T. French, Esq.**
**Herbert Creech, Esq.**
**Hon. Frances E. McGee**