[Cite as *State v. Loyd*, 2018-Ohio-4320.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 18-CA-22 |
| DEMETRIUS D. LOYD | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Licking County Municpal
                            Court Case No. 17-CRB-02266


JUDGMENT:                   Affirmed


DATE OF JUDGMENT ENTRY:     October 23, 2018


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

J. MICHAEL KING                       MICHAEL R. DALSANTO
Assistant Law Director                33 West Maint Street, Suite 106
City of Newark                        Newark, OH  43055
40 West Main Street
Fourth Floor
Newark, OH  43055

*Hoffman, J.*

{¶1} Appellant Demetrius D. Loyd appeals the judgment entered by the Licking County Municipal Court convicting him of improper handling of a firearm in a motor vehicle (R.C. 2923.16(E)(1)) and sentencing him to 90 days incarceration with all days suspended, and one year of community control. Appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On October 20, 2017, at 11:33 p.m., Trooper Andrew Garwood of the Ohio State Highway Patrol was stopped at a red light at the intersection of Broad Street and Taylor Road in Reynoldsburg, Ohio. When his light turned green, he saw Appellant enter the intersection and make a left turn, disregarding the red light governing traffic in his lane of travel. Trooper Garwood made a traffic stop for the traffic violation.

{¶3} Appellant pulled over to the right side of Broad Street, and Tpr. Garwood approached Appellant's vehicle on the driver's side. Appellant produced his license, registration, and proof of insurance upon request. Appellant was then asked to exit the vehicle and go to the front of the cruiser.

{¶4} Tpr. Garwood asked Appellant if he had a weapon, and asked for permission to conduct a patdown. Appellant responded he had a gun on his person. Appellant told the trooper he had a permit. The trooper handcuffed Appellant, conducted a patdown search, and retrieved the gun. Approximately two minutes transpired from the time Appellant made contact with the trooper to the point in time at which Appellant first revealed he had a gun on his person.

{¶5}    Appellant was charged with improper handling of a firearm in a motor vehicle in violation of R.C. 2923.16(E)(1).  He was also charged with a red light violation and possession of marijuana, to which he entered a plea of guilty outside the presence of the jury.  The improper handling charge proceeded to jury trial in the Licking County Municipal Court.  The first trial result in a mistrial due to a hung jury.  The second jury trial resulted in a finding of guilty.  Appellant was convicted as charged and sentenced to 90 days incarceration with all 90 days suspended and placed on community control for one year.

{¶6}    It is from the February 8, 2018 judgment of conviction and sentence

{¶7}    Appellant prosecutes this appeal, assigning as error:


"I. THE APPELLANT'S CONVICTION FOR IMPROPER HANDLING OF A FIREARM IN A MOTOR VEHICLE IN VIOLATION OF R.C. 2923.16(E)(1) WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE BECAUSE THE STATE FAILED TO PRODUCE ANY EVIDENCE AS TO THE APPELLANT'S CONCEALED HANDGUN LICENSE OR HIS STATUS AS ACTIVE DUTY MILITARY WITH FIREARMS TRAINING.  THE APPELLANT ALSO PROMPTLY INFORMED TPR. GARWOOD THAT HE HAD BEEN ISSUED A LICENSE TO CARRY A CONCEALED HANDGUN AND THAT HE HAD A LOADED HANDGUN IN THE MOTOR VEHICLE.

"II. R.C. 2913.16(E)(1) IS VOID FOR VAGUENESS BECAUSE THE PENAL STATUTE DOES NOT DEFINE THE CRIMINAL OFFENSE WITH SUFFICIENT DEFINITENESS SUCH THAT ORDINARY PEOPLE CAN UNDERSTAND WHAT CONDUCT IS PROHIBITED.

"III. TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO FILE A MOTION TO SUPPRESS EVIDENCE ON THE GROUNDS THAT THE FIREARM WAS FOUND EITHER AS A RESULT OF AN UNCONSTITUTIONAL PATDOWN SEARCH OR BECAUSE THE CONSENT TO SEARCH WAS GIVEN INVOLUNTARILY."

I.

**{¶8}** Appellant argues the judgment of conviction is against the manifest weight and sufficiency of the evidence.

**{¶9}** In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St. 3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541, quoting *State v. Martin*, 20 Ohio App. 3d 172, 175, 485 N.E.2d 717 (1983).

**{¶10}** An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

**{¶11}** Appellant was found guilty of a violation of R.C. 2923.16(E)(1):

(E) No person who has been issued a concealed handgun license or who is an active duty member of the armed forces of the United States and is carrying a valid military identification card and documentation of successful completion of firearms training that meets or exceeds the training requirements described in division (G)(1) of section 2923.125 of the Revised Code, who is the driver or an occupant of a motor vehicle that is stopped as a result of a traffic stop or a stop for another law enforcement purpose or is the driver or an occupant of a commercial motor vehicle that is stopped by an employee of the motor carrier enforcement unit for the purposes defined in section 5503.34 of the Revised Code, and who is transporting or has a loaded handgun in the motor vehicle or commercial motor vehicle in any manner, shall do any of the following:

(I) Fail to promptly inform any law enforcement officer who approaches the vehicle while stopped that the person has been

issued a concealed handgun license or is authorized to carry a concealed handgun as an active duty member of the armed forces of the United States and that the person then possesses or has a loaded handgun in the motor vehicle[.]

{¶12} Appellant first argues the State failed to prove he "has been issued a concealed handgun license or who is an active duty member of the armed forces of the United States and is carrying a valid military identification card and documentation of successful completion of firearms training that meets or exceeds the training requirements described in division (G)(1) of section 2923.125 of the Revised Code."

{¶13} The State argues such proof is not required because it is not an element of the offense, but rather is an affirmative defense to the charge of improper handling of a firearm, citing *State v. Meyers,* 11th Dist. Lake No. 2013-L-042, 2014-Ohio-1357. However, in *Meyers,* the appellant had been charged not with a violation of R.C. 2923.16(E), but rather with a violation of R.C. 2923.16(C), and he was seeking an exemption from the application of subsection (C) pursuant to R.C. 2923.16(F)(5)(a). *Id.* at ¶38.

{¶14} The *Meyers* case is inapposite to the case at bar, where Appellant was charged with violation of R.C. 2923.16(E), which applies only to persons who have "been issued a concealed handgun license or who is an active duty member of the armed forces of the United States and is carrying a valid military identification card and documentation of successful completion of firearms training that meets

or exceeds the training requirements described in division (G)(1) of section 2923.125 of the Revised Code." We therefore conclude possession of a concealed handgun license in the instant case was an element of the charged offense, which the State was required to prove.

**{¶15}** However, while the State did not directly present Appellant's actual concealed handgun license as evidence, there was evidence presented from which the jury could conclude Appellant possessed such a license. Tpr. Garwood testified within the first few minutes of their encounter, Appellant said he had a weapon, and a license. Tr. 74. Further, the video of the traffic stop was played for the jury and admitted into evidence. In the video, Appellant states he has a weapon but he has a permit.

**{¶16}** Further, while Appellant did not formally stipulate to the fact he had a concealed handgun license, and the court instructed the jury the evidence does not include argument or statements of counsel, counsel for Appellant stated in opening statement:

> This is going to go quick because there's really nothing in dispute, factually. As the Judge told you, you are the sole decider of the facts. We're going to stipulate to a lot of them to keep this moving along. Yes, he was driving. Yes, it was in Reynoldsburg. Yes, he did have a firearm. Yes, it was a handgun. The only real question is going to be, did he inform the Trooper promptly?

**{¶17}** Tr. 52.

{¶18} In closing argument, counsel for Appellant stated:

Ladies and gentlemen, promptly.  As I said at the beginning, that's all this case really comes down to.  Was he legally stopped? Yes.  Did he have a concealed carry license?  Yes.  Did he have a firearm?    Yes.    Did he promptly inform the law officer, law enforcement officer, that he had those things?  I don't know.  That's up to you.

{¶19} Tr. 83.

{¶20} The argument of counsel in the instant case was functionally equivalent to or tantamount to a stipulation Appellant had a valid concealed handgun license, and the only issue for the jury to decide was whether he notified the officer promptly of the existence of the handgun.

{¶21} Appellant next argues the finding he did not "promptly" notify the officer he had a gun is against the manifest weight and sufficiency of the evidence. He argues viewing the video of the stop, only about two minutes passed before he notified the officer of the existence of the gun.

{¶22} Without objection, the trial court instructed the jury, "Promptly means without delay and with reasonable speed."  Tr. 89.  The undisputed evidence reveals Appellant produced his license, registration, and proof of insurance without notifying the officer of the existence of the handgun.  He stepped out of the vehicle at the officer's request, but did not notify the officer he had a gun on his person

until he was in front of the cruiser and the officer specifically asked if he had a weapon.  From this evidence, the jury could conclude Appellant did not notify Trooper Garwood without delay and with reasonable speed he had a handgun on his person.  We further find the jury did not lose its way in finding Appellant failed to notify the officer promptly of the existence of the handgun.

**{¶23}** The judgment is not against the manifest weight of the evidence, and the State presented sufficient evidence to support the conviction.

**{¶24}** The first assignment of error is overruled.

II.

**{¶25}** In his second assignment of error, Appellant argues R.C. 2923.16(E)(1), as quoted above, is void for vagueness because the term "promptly" is not defined with sufficient definiteness such that an ordinary person can understand what conduct is prohibited.

**{¶26}** The critical question in all cases as to void for vagueness is whether the law affords a reasonable individual of ordinary intelligence fair notice and sufficient definition and guidance to enable him to conform his conduct to the law. *City of Norwood v. Horney*, 110 Ohio St.3d 353, 380, 853 N.E.2d 1115 (2006). The void for vagueness doctrine does not require statutes to be drafted with scientific precision. *State v. Anderson*, 57 Ohio St.3d 168, 174, 566 N.E.2d 1224 (1991). When examining a statute for vagueness, it should be measured against three values: 1.) to provide fair warning to the ordinary citizen so their behavior may comport with the statute, 2.) to preclude arbitrary, capricious, and generally discriminatory enforcement by officials, and 3.) to ensure fundamental

constitutionally protected freedoms are not unreasonably impinged or inhibited. *State v. Tanner*, 15 Ohio St.3d 1, 3, 472 N.E.2d 689 (1984).

{¶27} In *State v. Brown*, 168 Ohio App.3d 314, 2006-Ohio-4174, 859 N.E.2d 1017 (11th Dist. Trumbull), the appellant argued the language, at the time set forth in R.C. 2923.16(E)(3), which required him to "promptly" notify the officer a firearm was in the vehicle was void for vagueness. In rejecting the appellant's argument, our brethren in the Eleventh District held:

> Likewise, R.C. 2923.16(E)(3) passes a void-for-vagueness test. This section requires an individual with a concealed-carry license to "promptly" notify the officer, upon being stopped in a traffic stop, that a firearm is in the vehicle. The only provision of this statute that is arguably ambiguous is the term "promptly." "To do something 'promptly' is to do it without delay and with reasonable speed." Thus, a person of common intelligence would readily understand this term, as it is used in this situation, to require the license holder to inform the officer about the weapon as soon as possible. Certainly, the notification should occur during the initial encounter with the officer. We do not find this term, or the remaining terms in this section, to be ambiguous.

{¶28} *Id.* at ¶23.

**{¶29}** We agree with the reasoning set forth by the Eleventh District, and for the reasons set forth in *State v. Brown, supra,* we find the R.C. 2923.16(E)(1) is not void for vagueness.

**{¶30}** The second assignment of error is overruled.

III.

**{¶31}** In his third assignment of error, Appellant argues counsel was ineffective for failing to move to suppress the handgun. He argues there was no reason to ask Appellant to exit his vehicle in order to continue questioning inside the police cruiser, and therefore no reason for the patdown. He further argues any consent given to the search was not voluntary.

**{¶32}** A properly licensed attorney is presumed competent. *State v. Hamblin*, 37 Ohio St.3d 153, 524 N.E.2d 476 (1988). Therefore, in order to prevail on a claim of ineffective assistance of counsel, appellant must show counsel's performance fell below an objective standard of reasonable representation and but for counsel's error, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). In other words, appellant must show counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Id.*

**{¶33}** In *Pennsylvania v. Mimms*, 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977), the United States Supreme Court held a police officer may order a motorist to get out of a car which has been properly stopped for a traffic violation

without suspicion of criminal activity.    Therefore, Tpr. Garwood could ask Appellant to step from the vehicle even without further suspicion of criminal activity. Further, in the context of a routine traffic stop, a police officer may ask a detained motorist to sit in the front seat of the patrol car without violating the Fourth Amendment if the motorist's detention in the front seat is employed merely as a brief procedure to facilitate the traffic stop. *State v. Carlson*, 102 Ohio App.3d 585, 596, 657 N.E.2d 591, 598 (9th Dist. Medina 1995).

**{¶34}** However, an officer may not automatically conduct a patdown for weapons before placing a driver of a vehicle in a traffic stop in the patrol car. During a routine traffic stop, it is unreasonable for an officer to search the driver for weapons before placing him or her in a patrol car, if the sole reason for placing the driver in a patrol car during the investigation is for the convenience of the officer. However, the officer may search the driver for weapons if placing the driver in the patrol car during the investigation prevents officers or the driver from being subjected to a dangerous condition and placing the driver in the patrol car is the least intrusive means to avoid the dangerous condition. *State v. Lozada*, 92 Ohio St.3d 74, 2001-Ohio-149, 748 N.E.2d 520 (2001). However, under *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed. 2d 889, a limited protective search of a detainee's person for concealed weapons is justified when the officer has reasonably concluded "the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officer or to others * * *." *Id.* at 24, 88 S.Ct. at 1881, 20 L.Ed.2d at 908.

**{¶35}** When asked if he had a weapon, Appellant told Tpr. Garwood he had a gun on his person. At this point, the Tpr. and Appellant were outside their vehicles, in close proximity to each other, by the side of the road. The officer could reasonably conclude Appellant, who he was investigating at close range, was armed and potentially dangerous to the officer, and the patdown was therefore justified under *Terry,* irregardless of his reason(s) for putting Appellant in the patrol car, which reason(s) are not apparent from the transcript.

**{¶36}** We find Appellant has not demonstrated a reasonable probability had a motion to suppress been filed by trial counsel, the motion would have been granted.

**{¶37}** The third assignment of error is overruled.

**{¶38}** The judgment of the Licking County Municipal Court is affirmed.

By: Hoffman, P.J.

Delaney, J. and

Baldwin, J.