[Cite as *State v. McMannis*, 2024-Ohio-415.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

GERALD LEE McMANNIS,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 22 MA 0049

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 21 CR 767

**BEFORE:**
William A. Klatt, Retired Judge of the Tenth District Court of Appeals,
Sitting by Assignment,
Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Gina DeGenova*, Mahoning County Prosecutor*, and *Atty. Edward A. Czopur*, Assistant Prosecuting Attorney, Plaintiff-Appellee and

*Atty. Mark J. Lavelle*, for Defendant-Appellant.

Dated: February 6, 2024

**KLATT, J.**

{¶1} Appellant, Gerald Lee McMannis, appeals from the May 13, 2022 judgment of the Mahoning County Court of Common Pleas consecutively sentencing him to a total indefinite prison term of 12 years (minimum) to 16 and one-half years (maximum) for manslaughter and grand theft of a motor vehicle following a guilty plea. On appeal, Appellant argues the Reagan Tokes Act is unconstitutional and alleges the trial court erred in imposing consecutive sentences. Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶2} On December 16, 2021, Appellant was indicted by the Mahoning County Grand Jury on two counts: count one, murder, an unclassified felony in violation of R.C. 2903.02(A) and (D), and R.C. 2929.02(B); and count two, grand theft of a motor vehicle, a felony of the fourth degree in violation of R.C. 2913.02(A)(1) and (B)(5).[1] Appellant was appointed counsel, pled not guilty at his arraignment, and waived his right to a speedy trial.

{¶3} Appellant subsequently entered into plea negotiations with Appellee, the State of Ohio. On March 24, 2022, Appellant withdrew his former not guilty plea and pled guilty to: count one (amended), involuntary manslaughter, a felony of the first degree in violation of R.C. 2903.04(A)(1); and count two (as charged), grand theft of a motor vehicle, a felony of the fourth degree in violation of R.C. 2913.02(A)(1) and (B)(5). The trial court accepted Appellant's guilty plea after finding it was made in a knowing, intelligent, and voluntary manner pursuant to Crim.R. 11. The court found Appellant guilty, ordered a pre-sentence investigation ("PSI"), and deferred sentencing.

{¶4} A sentencing hearing was held on May 11, 2022. The trial court considered the record, the PSI, the report from Community Corrections Association, and the statements and recommendations of counsel and of Appellant. The court also considered the purposes and principles of sentencing under R.C. 2929.11, the seriousness and recidivism factors under R.C. 2929.12, the prison factors under R.C. 2929.13, and found

---

[1] The charges stem from Appellant stabbing the victim to death then fleeing the scene in the victim's vehicle.

Case No. 22 MA 0049

that consecutive sentences pursuant to R.C. 2929.14 are necessary to protect the public from future crimes and to punish Appellant.

**{¶5}** On May 13, 2022, the trial court consecutively sentenced Appellant to 11 years (minimum) to 16 and one-half years (maximum) on count one and 12 months on count two. Thus, Appellant was ordered to serve a total indefinite prison term of 12 years (minimum) to 16 and one-half years (maximum), less 174 days of jail-time credit. The court further notified Appellant that he would be subject to mandatory post-release control for up to five years, but not less than two years.

**{¶6}** Appellant filed a timely appeal and raises two assignments of error.[2]

## ASSIGNMENT OF ERROR NO. 1

**AS AMENDED BY THE REAGAN TOKES ACT, THE REVISED CODE'S SENTENCES FOR QUALIFYING FELONIES VIOLATES THE CONSTITUTIONS OF THE UNITED STATES AND THE STATE OF OHIO.**

**{¶7}** In his first assignment of error, Appellant argues the Reagan Tokes Act is unconstitutional. In support of his argument, Appellant takes issue with the right to trial by jury, the doctrine of separation of powers, the hearing requirement under R.C. 2967.271, due process of law, and the void-for-vagueness doctrine. (7/24/2022 Appellant's Brief, p. 10-15).

**{¶8}** Am. Sub. S.B. No. 201, 2018 Ohio Laws 157, known as the "Reagan Tokes Law," significantly altered the sentencing structure for many of Ohio's most serious felonies by implementing an indefinite sentencing system for those non-life felonies of the first and second degree, committed on or after March 22, 2019. "The Reagan-Tokes Act is a massive piece of legislation amending dozens of statutes." *State v. Evans,* 7th Dist. Columbiana No. 22 CO 0031, 2023-Ohio-2373, ¶ 19.

---

[2] On July 24, 2022, Appellant filed an appellate brief taking issue with his consecutive sentence and alleging the Reagan Tokes Act is unconstitutional. On August 2, 2022, the parties filed a joint motion to stay pending the Supreme Court of Ohio's resolution regarding the constitutionality of the Reagan Tokes Act, which this court granted. On July 26, 2023, the Supreme Court decided *State v. Hacker*, Slip Opinion No. 2023-Ohio-2535, holding that the Reagan Tokes Act is constitutional. Thereafter, this court lifted the stay and reactivated this appeal. The State filed its appellate brief on August 2, 2023.

**{¶9}** "This Court and others have upheld the general constitutionality of the Reagan-Tokes Act, particularly with respect to due process, jury trial, separation of powers, and equal protection." *Id.,* citing *State v. Rose*, 7th Dist. Jefferson No. 21 JE 0014, 2022-Ohio-3529; *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470; *State v. Ratliff*, 5th Dist. Guernsey No. 21CA000016, 2022-Ohio-1372; *see also State v. Runner*, 7th Dist. Belmont No. 22 BE 0004, 2022-Ohio-4756, ¶ 67 ("Ohio's indefinite sentencing structure does not violate the doctrine of the separation of powers, nor does it violate [the] Appellant's constitutional rights to due process of law or a trial by jury.") We have already found the Reagan Tokes Law "is constitutional beyond a reasonable doubt." *Rose, supra,* at ¶ 78.

**{¶10}** Appellant is concerned that the hearing requirement in R.C. 2967.271 is too vague and fails to provide a minimum of due process.

> However "(t)he fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333, 47 L.Ed.2d 18, 96 S.Ct. 893 (1976), quoting *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965). As stated by the Eighth District Court of Appeals, "the procedures employed under the Reagan Tokes Law provide at a minimum for notice of a hearing at which an inmate has an opportunity to be heard" and therefore "we hold that the law does not violate (the defendant's) right to procedural due process." *State v. Wilburn*, 8th Dist. No. 109507, 2021-Ohio-578, 168 N.E.3d 873, ¶ 37.

*Evans, supra,* at ¶ 20.

**{¶11}** In *Evans*, relying on *Rose*, this court stated:

> We thoroughly reviewed a due process challenge to the Reagan-Tokes Act (specifically related to R.C. 2967.271) and held that "(t)he law under review does not give the DRC [Department of Rehabilitation and Correction] unfettered discretion to require an offender to serve more than the minimum term. And it affords an offender notice and an opportunity to be heard before more than the minimum may be required.'" *Rose, supra*, at ¶ 77, quoting

*State v. Ferguson*, 2nd Dist. Montgomery No. 28644, 2020-Ohio-4153, ¶ 25. * * *

*Evans*, *supra*, at ¶ 21.

**{¶12}** Based on our prior review of this issue, we reject Appellant's argument.

**{¶13}** Regarding Appellant's void-for-vagueness claim, this court stated:

"'(A) law will survive a void-for-vagueness challenge if it is written so that a person of common intelligence is able to ascertain what conduct is prohibited, and if the law provides sufficient standards to prevent arbitrary and discriminatory enforcement.'" *Klein v. Leis*, 99 Ohio St.3d 537, 2003-Ohio-4779, 795 N.E.2d 633, ¶ 16, quoting *State v. Williams*, 88 Ohio St.3d 513, 533, 728 N.E.2d 342 (2000). * * * The void-for-vagueness doctrine arises when a statute is unclear regarding the types of behavior that is prohibited.

*Evans*, *supra*, at ¶ 22.

**{¶14}** A contention that R.C. 2967.271 is vague because it does not provide coherent due process rights is not a void-for-vagueness argument. *Id.* There is no showing here that R.C. 2967.271 is not clear about some behavior being prohibited. *See Id.* "In *Rose*, we determined that R.C. 2967.271 does not violate due process." *Id.* at ¶ 23, citing *Rose* at ¶ 77.

**{¶15}** Importantly, as stated, the Supreme Court of Ohio recently upheld the constitutionality of Reagan Tokes. Specifically, the Supreme Court held that indefinite sentencing under the Reagan Tokes Law is constitutional. *Hacker, supra,* at ¶ 1. The Supreme Court found that Reagan Tokes does not violate the separation-of-powers doctrine, the offender's right to a trial by jury, or procedural due process. *Id.*

**{¶16}** Accordingly, Appellant's claims are not well-taken as this court and the Supreme Court of Ohio have upheld the constitutionality of Reagan Tokes. *Rose, supra,* at ¶ 78; *Evans, supra,* at ¶ 25; *Hacker, supra,* at ¶ 1.

**{¶17}** Appellant's first assignment of error is without merit.

Case No. 22 MA 0049

## ASSIGNMENT OF ERROR NO. 2

**THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES.**

**{¶18}** In his second assignment of error, Appellant contends the trial court erred in imposing consecutive sentences. Specifically, Appellant claims the "imposition of consecutive sentences was not supported by the record." (7/24/2022 Appellant's Brief, p. 19). Appellant also stresses he only had one prior criminal conviction and has shown "genuine remorse for [these] crime[s]." (*Id.*)

**{¶19}** When reviewing a felony sentence, an appellate court must uphold the sentence unless the evidence clearly and convincingly does not support the trial court's findings under the applicable sentencing statutes or the sentence is otherwise contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1; R.C. 2953.08(G)(2)(a)-(b).

> Although trial courts have full discretion to impose any term of imprisonment within the statutory range, they must consider the sentencing purposes in R.C. 2929.11 and the guidelines contained in R.C. 2929.12.
>
> R.C. 2929.11(A) provides that the overriding purposes of felony sentencing are (1) "to protect the public from future crime by the offender and others"; and (2) "to punish the offender (* * *) using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).
>
> R.C. 2929.12 provides a nonexhaustive list of sentencing factors the trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses. The court that imposes a felony sentence "has discretion to determine the most effective

way to comply with the purposes and principles of sentencing." R.C. 2929.12(A). The factors a trial court may consider include the "more serious" factors, such as "(t)he physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim" and "(t)he victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense." R.C. 2929.12(B)(1) and (2). The court may also consider the "less serious" factors, any recidivism factors, and any mitigating factors listed in R.C. 2929.12(C)-(F).

R.C. 2929.11 does not require the trial court to make any specific findings as to the purposes and principles of sentencing. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31. Similarly, R.C. 2929.12 does not require the trial court to "use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors." *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000).

*State v. Scott*, 7th Dist. Columbiana No. 22 CO 0034, 2023-Ohio-2640, ¶ 10-12, citing *State v. Shaw*, 7th Dist. Belmont No. 15 BE 0065, 2017-Ohio-1259, ¶ 36.

{¶20} Regarding consecutive sentences, R.C. 2929.14(C)(4) states:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or

was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

It has been held that although the trial court is not required to recite the statute verbatim or utter "magic" or "talismanic" words, there must be an indication that the court found (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger posed to the public, and (3) one of the findings described in R.C. 2929.14(C)(4)(a), (b), or (c). *State v. Bellard*, 7th Dist. Mahoning No. 12-MA-97, 2013-Ohio-2956, ¶ 17. The court need not give its reasons for making those findings however. *State v. Power*, 7th Dist. Columbiana No. 12 CO 14, 2013-Ohio-4254, ¶ 38. A trial court must make the consecutive sentence findings at the sentencing hearing and must additionally incorporate the findings into the sentencing entry. *State v. Williams*, 7th Dist. Mahoning No. 13-MA-125, 2015-Ohio-4100, ¶ 33-34, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

*State v. Thomas*, 7th Dist. Mahoning No. 18 MA 0025, 2020-Ohio-633, ¶ 41.

**{¶21}** At the sentencing hearing, the trial court heard from the prosecutor on behalf of the State, defense counsel on behalf of Appellant, the victim's two aunts, the victim's uncle, and Appellant (who apologized).

Case No. 22 MA 0049

**{¶22}** It was revealed that Appellant lived with the victim when the two got into an argument over money that was owed for drugs. (5/11/2022 Sentencing Hearing Tr., p. 11). Appellant pulled a knife and stabbed the victim 19 times until he was no longer moving. (*Id.* at p. 10, 16). Appellant then stole the victim's car after the killing. (*Id.* at p. 10).

**{¶23}** The trial court noted that due to the number of stab wounds, it was apparent that Appellant's purpose was to kill the victim. (*Id.* at p. 22). The court stated, "I'm going to punish you appropriate[ly] for taking the life of another human being." (*Id.* at p. 23). Regarding R.C. 2929.11 and 2929.12, the court said, "I have to follow the statutory guidance and look at your prior record." (*Id.*) The court noted that even though Appellant's prior criminal record was short, it did include a probation violation which the court found to be indicative of Appellant not being able to positively respond to sanctions in the past. (*Id.* at p. 24). The court stated, "I look at the seriousness factors and, of course, the victim suffered as serious a physical harm as he could suffer." (*Id.* at p. 25). The court additionally noted this was a homicide and Appellant's relationship with the victim facilitated the offense. (*Id.*) The court indicated, "I don't find anything to say that it is less serious. So recidivism is more likely than not and the crime is far more serious." (*Id.*) The court then proceeded to explain the Reagan Tokes Act, post-release control, and Appllant's appellate rights. (*Id.* at p. 25-27, 29-32).

**{¶24}** Regarding consecutive sentences, the trial court stated:

> The Court feels that * * * consecutive sentences are necessary because of the harm that was caused and because of the fact that you have a prior criminal record. The harm caused in this case is so great that the concurrent sentences would not satisfy the purposes and principles of sentencing, as the legislature so prescribes. The history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by you and by others.

(*Id.* at p. 27-28).

**{¶25}** Also, in its May 13, 2022 sentencing entry, the trial court stated:

The Court has considered the record, the pre-sentence investigation and report prepared by the Community Corrections Association in this matter, the statements and recommendations of counsel and of [Appellant], as well as the purposes and principles of sentencing under O.R.C. 2929.11. The Court has balanced the seriousness and recidivism factors under O.R.C. 2929.12 and has followed the guidance by degree of felony in O.R.C. 2929.13. The Court has further considered the dictates of S.B. 201.

* * *

The Court finds that consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. The Court further finds pursuant to O.R.C. 2929.14(C)(4)(b) that at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; and finds pursuant to O.R.C. 2929.14(C)(4)(c) that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

(5/13/2022 Sentencing Entry, p. 2).

**{¶26}** The record in this case reflects no sentencing error. The trial court gave due deliberation to the relevant statutory considerations and properly advised Appellant regarding post-release control. The court considered the purposes and principles of felony sentencing under R.C. 2929.11, balanced the seriousness and recidivism factors under R.C. 2929.12, and considered the prison factors under R.C. 2929.13.

**{¶27}** In addition, there is no dispute that the trial court made the requisite consecutive sentence findings at the sentencing hearing and in its sentencing entry.

Case No. 22 MA 0049

Appellant only challenges whether those findings, pursuant to subsections (b) and (c) under R.C. 2929.14(C)(4), are supported by the record.

**{¶28}** Regarding R.C. 2929.14(C)(4)(b), the record establishes Appellant committed both offenses as part of one course of conduct; the harm of Appellant's conduct caused the loss of the victim's life; the grand theft simply exacerbated the injury; and the harm caused to the victim was so great or unusual that a single prison term cannot adequately punish Appellant due to the seriousness of his conduct.

**{¶29}** Regarding R.C. 2929.14(C)(4)(c), the record establishes that although Appellant's prior criminal record is short, it does include a probation violation (which is indicative of Appellant not being able to positively respond to prior sanctions), and Appellant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime.

**{¶30}** Accordingly, the trial court considered R.C. 2929.11, 2929.12, and 2929.13, and its imposition of consecutive sentences pursuant to R.C. 2929.14(C)(4)(b)-(c) is supported by the record. The court did not err in finding that consecutive sentences are necessary to protect the public from future crime or to punish Appellant and that consecutive sentences are not disproportionate to the seriousness of his conduct and to the danger he poses to the public. R.C. 2929.14(C)(4).

**{¶31}** Appellant's second assignment of error is without merit.

## CONCLUSION

**{¶32}** For the foregoing reasons, Appellant's assignments of error are not well-taken. The May 13, 2022 judgment of the Mahoning County Court of Common Pleas consecutively sentencing Appellant to a total indefinite prison term of 12 years (minimum) to 16 and one-half years (maximum) for manslaughter and grand theft of a motor vehicle following a guilty plea is affirmed.

Robb, P.J., concurs.

Hanni, J., concurs.

Case No. 22 MA 0049

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**